UNITED STATES, Appellee

v.

Daniel V. TREW, Machinist's Mate First Class
U.S. Navy, Appellant

No. 09-0414

Crim. App. No. 200800250

United States Court of Appeals for the Armed Forces

Argued December 7, 2009

Decided February 25, 2010

ERDMANN, J., delivered the opinion of the court, in which
EFFRON, C.J., and BAKER and RYAN, JJ., joined. STUCKY, J.,
filed a separate opinion concurring in the result.

Counsel

For Appellant: Lieutenant Brian D. Korn, JAGC, USN (argued);
Captain S. Babu Kaza, USMC.

For Appellee: Lieutenant Timothy H. Delgado, JAGC, USN
(argued); Brian K. Keller, Esq. (on brief); Major Elizabeth A.
Harvey, USMC.

Military Judge: Patricia J. Battin

**This opinion is subject to revision before final publication.**

United States v. Trew, No. 09-0414/NA

Judge ERDMANN delivered the opinion of the court.

Machinist's Mate First Class Daniel V. Trew was charged with committing indecent acts on a female under sixteen years of age on divers occasions. At a contested general court-martial, he was convicted by a military judge of the lesser included offense of assault consummated by a battery upon a child under sixteen years of age. Trew was sentenced to eighteen months confinement and a bad-conduct discharge. The convening authority approved the sentence and the United States Navy-Marine Corps Court of Criminal Appeals affirmed the findings and sentence. United States v. Trew, 67 M.J. 603, 606 (N-M. Ct. Crim. App. 2008).

When the phrase "on divers occasions" is removed from a specification, the effect is "that the accused has been found guilty of misconduct on a single occasion and not guilty of the remaining occasions." United States v. Augspurger, 61 M.J. 189, 190 (C.A.A.F. 2005). "If there is no indication on the record which of the alleged incidents forms the basis of the conviction, then the findings of guilt are ambiguous and the Court of Criminal Appeals cannot perform a factual sufficiency review. United States v. Walters, 58 M.J. 391, 396-97 (C.A.A.F. 2003)." United States v. Wilson 67 M.J. 423, 428 (C.A.A.F. 2009).

2

United States v. Trew, No. 09-0414/NA

We granted review in this case to determine whether the military judge's clarification immediately following the announcement of the findings resulted in an ambiguous finding, and if so, whether the charge must be dismissed under United States v. Walters and its progeny.[1]  We hold that the findings of the military judge were ambiguous and therefore the lower court could not conduct a proper appellate review under Article 66, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866 (2006).[2]

Background

The charges against Trew arose out of allegations made by his stepdaughter, KT.  KT testified that she awoke at about four or five in the morning on September 26, 2006, to find Trew touching "the bottom of my butt, near my leg."  KT testified that Trew was rubbing her legs, the inside of her thigh, and her butt.  KT said that she knew it was Trew because she looked at

---

[1] We granted the following issue:

> Whether, in light of United States v. Walters, 58 M.J. 391 (C.A.A.F. 2003) and United States v. Seider, 60 M.J. 36 (C.A.A.F. 2004), the charge and specification must be dismissed with prejudice, because the lower court could not conduct a proper appellate review under Article 66 and double jeopardy prevents a rehearing.  See United States v. Wilson, 67 M.J. 423 (C.A.A.F. 2009).

United States v. Trew, 68 M.J. 150 (C.A.A.F. 2009) (order granting review).

[2] We do not address the lesser included offense issue raised by Judge Stucky's concurring opinion as the issue was not raised or briefed by the parties nor was it specified by this court.

him when she woke up.  When KT told Trew to get out of her room, he said he was sorry and left.  Trew returned to KT's room before he left for work that morning and apologized to her again.

KT also testified that when she awoke to Trew touching her on the morning of September 26, it jogged her memory and she remembered Trew touching her in the same manner the day before. When pressed about how she knew it was Trew who had been touching her on the morning prior to September 26, KT explained that she knew it was Trew because of the size of his hands.  KT reported these incidents to her mother the next day.  KT's mother testified that Trew admitted that he touched KT twice, on two different occasions.

The Government's opening arguments referenced Trew's "touching [of KT] on numerous occasions."  In closing, the Government argued, "[y]ou've heard testimony, you've received evidence in this case, ma'am, how in the fall of 2006, on at least two occasions, [KT] . . . was indecently contacted by her adopted father, Petty Officer Trew."  The Government also referenced comments that Trew allegedly made to his wife that "[n]ot only did I do that on the 26th, but I did that on the night or the two nights before that."

At the conclusion of the findings portion of the court-martial, the military judge announced the findings as follows:

"Of the Specification under the Charge: Not Guilty, but Guilty of the lesser included offense of Article 128, assault consummated by a battery upon a child under 16 years, paragraph 54(b)(3)(c) in the Manual for Courts-Martial." Immediately following the announcement of the findings, the military judge addressed a defense motion for a continuance relating to the sentencing phase of the trial. The trial counsel then asked the military judge, "[b]efore we recess, though, ma'am, one question. On your findings of the LIO under Article 128, is that on divers occasions as charged or is that just for -- for one event or -- will you clarify that further for us?" The military judge replied, "[i]t is on the one occasion." There was no further discussion or clarification as to which occasion the military judge was referring to in her findings.

On appeal to the Court of Criminal Appeals, Trew argued that the military judge's findings were ambiguous and his conviction should be set aside under Walters. Trew, 67 M.J. at 603. In Walters this court held that a Court of Criminal Appeals could not conduct a factual sufficiency review of an accused's conviction when "the findings of guilty and not guilty do not disclose the conduct upon which each of them was based." 58 M.J. at 397. Relying on United States v. Perkins, 56 M.J. 825 (A. Ct. Crim. App. 2001), a pre-Walters United States Army Court of Criminal Appeals decision, the lower court

5

United States v. Trew, No. 09-0414/NA

distinguished Walters and affirmed the findings except the words "on divers occasions."[3]  Trew, 67 M.J. at 606.

The court in Perkins had held that "[t]he announcement of a verdict is sufficient if it decides the questions in issue in such a way as to enable the court intelligently to base judgment thereon and can form the basis for a bar to subsequent prosecution for the same offense."  56 M.J. at 827 (citation and quotation marks omitted).  The Perkins court relied on "appellant's pleas and statements during a thorough providence inquiry" to determine that the findings under the circumstances were "sufficient to intelligently discern the basis for the findings."  Id.

Relying on Perkins the lower court in Trew held:

> [W]e find the words used by the military judge to frame her findings were not ambiguous when placed in the context of the entire record.  It is clear that the military judge, counsel, and the appellant all understood, and, at various times, used essentially the same shorthand reference ultimately adopted by the military judge.  We, therefore, find that the military judge's announcement of the findings, while irregular, clearly referred to the single incident on 26 September 2006.

Trew, 67 M.J. at 606.

---

[3] The Court of Criminal Appeals also excepted the words "genitalia" and "and breasts" but those exceptions are not pertinent to our review.  Trew, 67 M.J. at 606.  The lower court set aside and dismissed the findings as to the excepted language.  Id.

United States v. Trew, No. 09-0414/NA

## Discussion

The granted issue addresses whether the Navy-Marine Corps Court of Criminal Appeals could properly review Trew's conviction in light of the military judge's clarification that her findings were for "the one occasion." Trew argues that the military judge's failure to specify the incident that formed the basis for his conviction prohibited the Court of Criminal Appeals from conducting a proper review under Article 66, UCMJ. Therefore, according to Trew, the Court of Criminal Appeals erred when they reviewed the record to independently determine which incident the military judge was referring to when she responded to trial counsel's request for a clarification.[4]

The Government responds that the military judge's findings were proper and her clarification did not modify the specification but "altered it only with respect to making findings on the lesser included offense." The Government also argues that the military judge's clarification could not alter her original findings because her comment was not consistent with Rule for Courts-Martial (R.C.M.) 918, which sets forth the proper form for announcements of general findings. Finally, the Government argues that even if the military judge's

---

[4] In addition to Walters, Trew cites this Court's recent case law on ambiguous findings in United States v. Seider, 60 M.J. 36 (C.A.A.F. 2004), and Wilson, 67 M.J. 423, in support of his contention that the military judge's findings were fatally ambiguous.

clarification created an ambiguity, this court should order a proceeding in revision to clarify the findings rather than setting aside the findings.

The threshold issue is the effect of the military judge's response to trial counsel's request for a clarification of the findings.  If the Government is correct and the clarification had no effect on the findings, the Government has a credible argument that the military judge's findings were not ambiguous and the Court of Criminal Appeals could properly affirm a finding of guilty to one of the "divers occasions" under a general verdict theory.  See United States v. Rodriguez, 66 M.J. 201, 203 (C.A.A.F. 2008).  If, however, Trew is correct that the clarification resulted in an ambiguous verdict, we must then analyze the case under Walters.

"A finding on the guilt or innocence of the accused is not final until it is formally and correctly announced in open court."  United States v. London, 4 C.M.A. 90, 96, 15 C.M.R. 90, 96 (1954).  "The general findings of a court-martial state whether the accused is guilty of each offense charged."  R.C.M. 918(a).  "One or more words or figures may be excepted from a specification, and, when necessary, others substituted, if the remaining language of the specification, with or without substitutions, states an offense by the accused which is punishable by court-martial."  R.C.M. 918(a)(1) Discussion.  "If

an error was made in the announcement of the findings of the court-martial, the error may be corrected by a new announcement in accordance with this rule. The error must be discovered and the new announcement made before the final adjournment of the court-martial in the case." R.C.M. 922(d). We have stated, "in the context of a judge-alone trial, clarification of the ambiguity can be accomplished by a clear statement on the record by the military judge as to which alleged incident formed the basis of the conviction." Wilson, 67 M.J. at 428 (citation omitted).

The military judge's findings, when initially announced, did not reference the charged "divers occasions" language. However, trial counsel immediately asked for a clarification of those findings with regard to the divers occasions language. When the military judge responded, "[i]t is on the one occasion" she made clear on the record that her findings as to the lesser included offense were only applicable for one event, rather than multiple incidents as charged.

The Government argues that this clarification "cannot function retroactively to modify her proper findings and cannot act to set aside an element of the specification charged." The Government also suggests that the "on the one occasion" comment does not amount to a "formal announcement" of the findings per London. However, R.C.M. 922 provides military judges with a

mechanism to correct errors in the findings. Under the facts of this case, a formal recitation of exceptions and substitutions was not necessary because of the military judge's clarification immediately following her announcement of the findings. The clarification, "[i]t is on the one occasion," amounted to a correction of the announcement of the findings as permitted by R.C.M. 922.

Having determined that the military judge's clarification altered the findings and resulted in a finding of guilty to only one occasion, we must now determine whether the Court of Criminal Appeals could properly conduct an Article 66, UCMJ, review. "Where the findings do not disclose the single occasion on which the conviction is based, the Court of Criminal Appeals cannot conduct a factual sufficiency review or affirm the findings because it cannot determine which occasion the servicemember was acquitted of." Augspurger, 61 M.J. at 190. "Double jeopardy principles prohibit a reviewing court from rehearing any incidents for which the accused was found not guilty." Wilson, 67 M.J. at 428 (citations omitted). "Courts of Criminal Appeals may not perform an independent review of the record to determine which of the possible incidents most likely formed the basis for the conviction." Id. (citation omitted). However, a Court of Criminal Appeals may review the record to determine if there was only a single possible incident that met

"all the details of the specification" for which an appellant was convicted.  Id.

In holding that the military judge's finding "while irregular, clearly referred to the single incident on 26 September 2006," the Court of Criminal Appeals relied primarily on comments made during a pretrial motions hearing.  Trew, 67 M.J. at 606.  The lower court found that during that hearing the military judge and counsel "repeatedly referred to the 26 September 2006 touching as 'the September incident.'"  Id. at 605.  It is true that the military judge, Government counsel, and defense counsel referred to a "September incident" at the motions hearing.  However, at that hearing the military judge asked trial counsel, "are you limiting your discussion to the timeframe [sic] of September of 2006?"  Trial counsel responded "[m]y discussion would be with respect to the charge as charged, from the 1 March timeframe [sic] to the October timeframe [sic]. So, no, I'm not limiting it to September."  Trial counsel's response clearly indicates that he was not limiting his reference to a particular date.

In discussing their reliance on Perkins, the lower court explained that "[u]nlike Walters, the Perkins court did not evaluate evidence in an attempt to dispel factual ambiguity, but rather considered the record as a whole to clarify the meaning and intent of the military judge's words."  Id.  The lower court

United States v. Trew, No. 09-0414/NA

then distinguished the Walters line of cases finding that Trew's case was one "in which an evaluation of the meaning of the words used in the findings are assessed in the context of the trial." Id. The Court of Criminal Appeal's distinction between "evaluat[ing] evidence" and "consider[ing] the record as a whole to clarify the meaning and intent of the military judge's words" appears to be a distinction without a difference. The lower court clearly went to the record of the pretrial motions hearing and evaluated the statements of the parties in an attempt to discern the meaning of the military judge's clarification. In doing so they did exactly what they recognized they could not do under Walters. Id.

The Walters line of cases provides clear guidance to military judges and the courts of criminal appeals regarding the need for specificity in the findings. However, once again we find it necessary to restate that "[b]oth trial practitioners and military judges need to be aware of the potential for ambiguous findings in such cases and take appropriate steps through instruction and pre-announcement review of findings to ensure that no ambiguity occurs." Walters, 58 M.J. at 396.

> Where a specification alleges wrongful acts on "divers occasions," the members must be instructed that any findings by exceptions and substitutions that remove the "divers occasions" language must clearly reflect the specific instance of conduct upon which their modified findings are based. That can generally be accomplished through reference in the substituted language to a relevant date or other facts in evidence

12

> that will clearly put the accused and the reviewing
> courts on notice of what conduct served as the basis
> for the findings.

Id. As we have explained, a military judge can clarify an

ambiguity in the findings by making a "clear statement on the

record as to which alleged incident formed the basis of the

conviction." Wilson, 67 M.J. at 428 (citation omitted).

The Government charged Trew with indecent acts on "divers

occasions," introduced evidence of more than one occasion, and

argued in both opening and closing statements that at least two

incidents had occurred. When the military judge clarified that

her findings were for "one occasion," she should have made a

clear statement on the record as to which alleged incident

formed the basis of the conviction under this Court's explicit

direction in Augspurger, Walters, Seider, and Wilson. The

military judge's failure to do so resulted in fatally ambiguous

findings.

The Government further argues that if this court were to

hold that the findings were ambiguous, instead of dismissing the

charges, we should remedy the ambiguity by ordering a proceeding

in revision pursuant to R.C.M. 1102(d). This is a familiar

argument as the Government has unsuccessfully made the same

argument in Final Brief on Behalf of the United States, Seider,

60 M.J. 36 (No. 04-0082); Brief on Behalf of Appellee at 19-22,

Augspurger, 61 M.J. 189 (No. 04-0563); Final Brief on Behalf of

Appellee at 30-32, Wilson, 67 M.J. 423 (No. 09-0010). The Government's argument in this case adds nothing new to the assertions that have previously been made to and rejected by this court.

As in Seider, Augspurger, and Wilson, the fatally ambiguous findings by the military judge at Trew's court-martial created "the possibility that the [reviewing] court would affirm a finding of guilty based on an incident of which the appellant had been acquitted by the factfinder at trial." Wilson, 67 M.J. at 428. R.C.M. 1102(c)(1) plainly prohibits post-trial sessions "for reconsideration of a finding of not guilty to any specification, or a ruling which amounts to a finding of not guilty." The military judge's ambiguous findings amounted to a not guilty finding on one of the instances raised by the "divers occasions" charge. Thus, a post-trial session to recast the language of the military judge would amount to a re-assessment of a not guilty verdict in violation of double jeopardy. As in Seider, Augspurger, and Wilson, the appropriate remedy for the Walters violation at Trew's court-martial is to set aside the findings and dismiss the charges with prejudice.

14

## Conclusion

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is reversed, the findings and sentence are set aside, and the charge is dismissed with prejudice.

STUCKY, Judge (concurring in the result):

Appellant was tried by general court-martial on a specification alleging indecent acts with a child on divers occasions between on or about March 1, 2006, and October 15, 2006. Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006).[1] The military judge acquitted him of the charge, but found him guilty of the lesser included offense of assault consummated by a battery upon a child, in violation of Article 128, UCMJ, 10 U.S.C. § 928 (2006). The United States Navy-Marine Corps Court of Criminal Appeals excepted the words "on divers occasions," "genitalia," and "and breasts" from the specification but otherwise affirmed the findings and sentence. United States v. Trew, 67 M.J. 603, 606 (N-M. Ct. Crim. App. 2008).

The MCM listed assault consummated by a battery as a lesser included offense of indecent acts with a child. MCM pt. IV, para. 87.d.(2). However, the elements of the two offenses are different, and proof of each requires proof of a fact that proof of the other does not. In the case of the Article 128, UCMJ, offense of which Appellant was convicted, the elements include

---

[1] As the offenses alleged took place prior to October 1, 2007, the UCMJ and Manual for Courts-Martial, United States (2005 ed.) (MCM) provisions existing prior to the 2006 amendment of Article 120, UCMJ, 10 U.S.C. § 920 (2000), apply. See National Defense Authorization Act for Fiscal Year 2006, Pub. L. No. 109-163, §

(i) that the accused did bodily harm to a child under 16 and (ii) that this bodily harm was done with unlawful violence or force.  MCM pt. IV, para. 54.b.(3)(c).  Neither of these is an element of indecent acts with a child under Article 134, UCMJ, the offense with which Appellant was charged.  The elements of the offense of indecent acts with a child under Article 134, UCMJ, included (c) that Appellant's act was indecent; (d) was committed with the intent to arouse, appeal to or gratify his or the victim's lust, passions or sexual desires; and (e) that under the circumstances, the conduct was to the prejudice of good order and discipline or was of a nature to bring discredit upon the armed forces.  MCM pt. IV, para. 87.b.(1).  These elements are not required to prove assault consummated by a battery under Article 128, UCMJ.

Since the elements test is the proper one for determining lesser included offenses, see United States v. Teters, 37 M.J. 370, 376 (C.A.A.F. 1993), and the Article 128, UCMJ, conviction here does not pass that test, it follows that Appellant could not be convicted of the Article 128, UCMJ, offense as a lesser included offense of indecent acts with a child under Article 134, UCMJ.  United States v. McCracken, 67 M.J. 467, 469

552, 119 Stat. 3136, 3257 (2006) (codified as amended at 10 U.S.C. § 920 (2006)).

(C.A.A.F. 2009) (Stucky, J., concurring in part and dissenting in part).

I concur in the result.