UNITED STATES, Appellee

v.

Benjamin W. ROSS, Warrant Officer 1
U.S. Marine Corps, Appellant

No. 09-0242

Crim. App. No. 200800313

United States Court of Appeals for the Armed Forces

Argued January 13, 2010

Decided March 12, 2010

RYAN, J., delivered the opinion of the Court, in which EFFRON,
C.J., and BAKER, ERDMANN, and STUCKY, JJ., joined.


Counsel

For Appellant:  Lieutenant Sarah E. Harris, JAGC, USN (argued);
Major Brian L. Jackson, USMC.

For Appellee:  Lieutenant Timothy H. Delgado, JAGC, USN
(argued); Colonel Louis J. Puleo, USMC, and Brian K. Keller,
Esq. (on brief); Lieutenant Commander Paul D. Bunge, JAGC, USN.


Military Judge:  D. S. Oliver


**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

Judge RYAN delivered the opinion of the Court.

A military judge sitting alone convicted Appellant, contrary to his pleas, of possessing child pornography in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006). The charge sheet alleged that the offense was committed on divers occasions "between on or about 28 June 2006 and 31 September 2006." When entering findings, the military judge excepted the words "on divers occasions" and found Appellant not guilty of the excepted words but guilty of the remaining language. After review by the Navy-Marine Corps Court of Criminal Appeals (CCA),[1] we granted review of the following issue:

> WHETHER, BY FINDING APPELLANT GUILTY OF THE CHARGE AND SPECIFICATION EXCEPT FOR THE WORDS "ON DIVERS OCCASIONS," THE MILITARY JUDGE RENDERED AMBIGUOUS FINDINGS NOT CAPABLE OF REVIEW UNDER ARTICLE 66, UCMJ, 10 U.S.C. § 866.

A clear record as to the occasion for which an accused is found guilty is necessary when the words "on divers occasions" are excepted from findings. See, e.g., United States v. Trew, __ M.J. __ (2) (C.A.A.F. 2010); United States v. Wilson, 67 M.J. 423, 428 (C.A.A.F. 2009); United States v. Augspurger, 61 M.J. 189, 190 (C.A.A.F. 2005); United States v. Seider, 60 M.J. 36,

---

[1] Recognizing that there is no September 31, when affirming the findings the CCA excepted the date "31 September 2006" and substituted "20 September 2006." United States v. Ross, No. NMCAA 200800313, slip op. at 2-3 (N-M. Ct. Crim. App. Dec. 4, 2008).

37-38 (C.A.A.F. 2004).  No such clarity exists in this case and the findings are therefore ambiguous as to which acts Appellant was found not guilty and guilty of.  The Charge and its Specification are dismissed with prejudice.  Trew, __ M.J. at __ (13-14).

## I.  Facts

Appellant, his wife, and his two stepdaughters were stationed in Okinawa, Japan.  On September 12 or 13, 2006, Appellant's wife opened the recycle bin on the home desktop computer and found over 3000 files, most of them JPGs, a type of picture file.  Because the names of the files sounded "pretty bad," she opened approximately twenty of them.  The individuals depicted "were definitely under 18 in some of the pictures," so she called "the help line."  Eventually, she consented to Naval Criminal Investigative Service (NCIS) searching the premises and seizing the desktop computer and other electronic storage media, which they did on September 20, 2006.

The three seized items relevant to Appellant's trial were two hard drives retrieved from the desktop computer and a small (256 megabyte) CompactFlash memory card retrieved from a PDA (personal digital assistant).  The items were sent to the Department of Defense Computer Forensics Laboratory (DCFL) for analysis.  The subsequent report indicated that thirteen images of known child victims (as determined by the National Center for

3

Missing and Exploited Children) were recovered, along with eighty-seven files containing suspected child pornography.  None of the images relevant to this case appeared on more than one storage device.

At trial, Steve Uder, a contract computer forensic examiner (not a special agent) at DCFL, testified as to the contents of the three media devices.  Some of the files in issue had been "deleted" by the time NCIS seized the media.  While the first hard drive (Hard Drive 1) contained both deleted and non-deleted files, all of the files from the second hard drive (Hard Drive 2) and the memory card had been deleted by the time of seizure -- that is, they had been deleted from the "logical" level (and thus no longer appeared on the hard drives' directories) but they nevertheless remained on the physical level of the drives, which allowed DCFL to recover them.[2]

_____

[2] Mr. Uder explained the difference between the logical and physical levels of a hard drive:  a file on the logical level of the hard drive is,

> a file that you can see.  If you can see its file name, for instance, using Windows Explorer or like a DOS prompt and type DIR, that is a logical level file.  It actually has a file name and a size, and the contents are actually tracked on the hard drive.

He explained the physical level thus:

> [W]hen you delete a file, all of the information that would track the location of the file on the drive is eliminated; but the actual zeros and ones that were written there still reside on the -- on the media.  There actually was a

Mr. Uder testified that because of the file system architecture on Hard Drive 2, there was no way to tell when the files had been deleted.  He admitted that "[t]heoretically" the files could have been deleted months or years before the report was created, and thus outside the time frame charged in the Specification:

> but practically, once it's deleted, if there's any activity on the hard drive, those things tend to run the risk of being overwritten.  So if it had been deleted too far back, the -- you know, the probability of it being unrecoverable because that space had been reoccupied by new data starts increasing the father [sic] back you go. . . . So while I can't give you a specific time date or anything, I can say that it's more likely that it was sooner rather than farther in the past.

As for the memory card, it had the same file system architecture as Hard Drive 2, and Mr. Uder was similarly unable to tell when the files on the memory card had been deleted; he could only note that the files were last "accessed" on December 31, 2003.  While the memory card was similar to Hard Drive 2 in that respect, the potential for deleted data being overwritten

---

> physical change to the surface of the media that wrote the zeros and ones, and that data has to be tracked -- or it has to be found using tools outside of the operating system.  It takes a tool designed to do that to actually view it.

A file on the logical level always exists on the physical level, but a file deleted from the logical level continues to exist on the physical level, accessible with certain tools, until it has been overwritten by new data.  Its deletion from the logical level is what permits it to be overwritten.

by new data was different because the memory card, unlike the desktop hard drive, "is not necessarily high traffic."

After hearing the evidence the military judge announced the findings -- guilty of the Specification, but excepting the words "on divers occasions," of which Appellant was found not guilty -- without additional comment.

## II.  Discussion

In United States v. Walters, 58 M.J. 391, 396 (C.A.A.F. 2003), this Court noted the problems raised where an accused is charged with committing an offense "on divers occasions" but those words are excepted from the findings without an on-the-record explanation.  When the phrase "on divers occasions" is removed, the effect is that "'the accused has been found guilty of misconduct on a single occasion and not guilty of the remaining occasions.'"  Wilson, 67 M.J. at 428 (quoting Augspurger, 61 M.J. at 190); see also Walters, 58 M.J. at 396-97.  If the record does not indicate which of the alleged incidents forms the basis of the conviction, the resulting ambiguous findings -- along with double-jeopardy principles, see Wilson, 67 M.J. at 428 (citing Green v. United States, 355 U.S. 184, 187-88 (1957); United States v. Scheurer, 62 M.J. 100, 112 (C.A.A.F. 2005)) -- bar the CCA from performing its usual factual-sufficiency review.  Id. (citing Walters, 58 M.J. at 396-97).  Whether a verdict is ambiguous and thus precludes a

6

CCA from performing a factual-sufficiency review is a question of law reviewed de novo.  See United States v. Rodriguez, 66 M.J. 201, 203 (C.A.A.F. 2008).

In this case, Appellant was charged with possession of child pornography on divers occasions during a particular time period.  The military judge excepted from the Specification the words "on divers occasions" without further explanation.

Appellant argues that this lack of explanation makes the findings ambiguous.  In his view there are numerous reasons why the military judge might have excepted the words "on divers occasions," including a belief that the Government had failed to prove possession for any two of the media.

The Government and the CCA take the position that because possession of child pornography is a continuing offense rather than a discrete act, "on divers occasions" was mere surplusage; striking these words did not render the findings ambiguous. Ross, No. NMCCA 200800313, slip op. at 2.  In other words, they contend that Appellant was convicted of the continuing offense of possession of illegal images on three different media over the same charged period of time.  But the Government's reliance on this Court's decision in United States v. Simmons, 37 M.J. 36, 36 (C.M.A. 1992), for the proposition that the military judge was required to find a continuing offense in this case and delete the "on divers occasions" language as surplusage is

misplaced.

In Simmons, the accused pleaded guilty to wrongful possession of marijuana "at divers times." Id. This Court held that the possession "was a single continuing offense and may not be charged as being at divers times although stretching over a period of some 20 days." Id. But in Simmons the possession at issue was of a single discrete substance and the words "on divers occasions" could only be surplusage. Here, however, there was possession of distinct sets of images on three different media. While the military judge may have deemed the possession "continuing" and deleted the words "on divers occasions" as surplusage, Simmons does not compel that result. As the circumstances of this case demonstrate, possession -- though a continuing offense -- may still be appropriately charged "on divers occasions."

Although excepting those words here without explanation created ambiguous findings, the Government could nevertheless prevail were we to conclude that the evidence was legally insufficient to show that Appellant was guilty of possession with respect to two of the three media. Cf. Scheurer, 62 M.J. at 111-12. Under those circumstances, as a matter of law the military judge could have found Appellant guilty of possession with respect to only one of the media -- in other words, the verdict would be unambiguous. See id. But neither party

contests the legal sufficiency of the evidence, and our own review leads us to the conclusion that it is legally sufficient with respect to the presence of child pornography on the logical level of Hard Drives 1 and 2 during the charged time frame.[3] Because we find the evidence legally sufficient with respect to the presence of child pornography on both the physical and logical levels of Hard Drives 1 and 2, we need not decide the question whether the presence of deleted child pornography solely on the physical level of an electronic medium can constitute "possession" of child pornography.

Given that the evidence is legally sufficient with respect to at least two of the electronic media, the fact remains that we cannot know, nor could the CCA know, what the military judge found Appellant guilty and not guilty of, or indeed whether he found Appellant not guilty of anything at all. The CCA therefore cannot conduct its review under Article 66(c), UCMJ, 10 U.S.C. § 866 (2006). As we recently reiterated in Trew, under these circumstances a proceeding in revisions is not

---

[3] Mr. Uder's explanation of the timing issues related to the overwriting of deleted files on a hard drive, combined with the fact that during the charged time period Appellant's wife discovered the images in the recycle bin of the home computer, offer sufficient circumstantial proof -- considering the evidence in the light most favorable to the prosecution -- that the images existed on the logical level of both hard drives during the charged time period. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).

permitted, and dismissal of the Charge and its Specification with prejudice is required.  Trew, __ M.J. at __ (13-14).

### III.  Decision

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is reversed.  The findings of guilty and the sentence as to the single Charge and its Specification are set aside, and the Charge and its Specification are dismissed with prejudice.