# UNITED STATES NAVY–MARINE CORPS
# COURT OF CRIMINAL APPEALS

———————————

## No. 201700155

———————————

### UNITED STATES OF AMERICA
*Appellee*

v.

### TERRANCE A. BLOCK
Sergeant (E-5), U.S. Marine Corps
*Appellant*

———————————

Appeal from the United States Navy-Marine Corps
Trial Judiciary

Military Judge: Colonel P.H. McConnell, USMCR.
For Appellant: Lieutenant Commander Paul D. Jenkins,
JAGC, USN.
For Appellee: Major Kelli A. O'Neil, USMC;
Captain Brian L. Farrell, USMC.

———————————

Decided 25 September 2018

———————————

Before MARKS,[1] PRICE, and JONES, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

PRICE, Senior Judge:

A military judge sitting as a general court-martial convicted the appellant, in accordance with his pleas, of willfully disobeying a superior commissioned officer, aggravated assault, assault consummated by a battery, communicating

---

[1] Senior Judge MARKS participated in the decision of this case prior to detaching from the court.

a threat, and child endangerment in violation of Articles 90, 128, and 134 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 890, 928, and 934. The military judge sentenced the appellant to five years' confinement, reduction to pay grade E-1, forfeiture of all pay and allowances, and a dishonorable discharge. In accordance with a pretrial agreement (PTA), the convening authority (CA) disapproved the adjudged forfeitures and approved the remaining sentence as adjudged. The CA also suspended confinement in excess of 24 months and waived automatic forfeitures of pay and allowances for a period of six months in favor of the appellant's wife and, except for the punitive discharge, ordered the sentence executed.

After the case was submitted without assignment of error, we specified two issues for briefing related to the aggravated assault conviction: (1) whether the appellant's guilty plea to Charge III, Specification 2, was improvident where the facts surrounding the date and location of the offense elicited through the providence inquiry contradicted the stipulation of fact, and the military judge never resolved the inconsistency; and (2) if the conflict did not render the plea improvident, was the military judge's finding with regard to Charge III, Specification 2, fatally ambiguous.

After carefully considering the record of trial and the submissions of the parties, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

The appellant pled guilty to various domestic violence-related offenses from October 2011 to July 2016, including several assaults consummated by battery upon his wife, one specification of aggravated assault upon his wife, one specification of threatening to kill his wife and another Marine, one specification of child endangerment by assaulting his wife in his children's presence, and two specifications of violating military protective orders.[2]

The specified issues implicate only the approved finding of guilty to the aggravated assault specification.[3] The appellant was arraigned on a specification that alleged multiple aggravated assaults upon his wife "at or near San Diego, California, and at or near Havelock, North Carolina[.]"[4] Pursuant to a PTA, he pled guilty to a single aggravated assault "between 1 October 2011 and 1 April 2016 . . . at or near San Diego, California 2016 and at or near or

---

[2] Charge Sheet and General Court-Martial Order (GCMO) No. 03-2017.

[3] Charge III, Specification 2, GCMO No. 03-2017.

[4] Charge Sheet; Record at 10.

Havelock, North Carolina[.]"[5] The impossibility of the appellant committing a single aggravated assault upon his wife, in California and North Carolina was not addressed on the record.

During the plea colloquy with the military judge, the appellant admitted that "close to 1 October 2011" he placed his wife "in a choke hold" to prevent her from phoning a friend for help during an argument.[6] The military judge never asked the appellant to specify where this act occurred, and neither party requested further inquiry on the issue.

As part of a PTA, the appellant and the government entered into a stipulation of fact.[7] The stipulation of fact does not identify or otherwise address an aggravated assault or other act of violence by the appellant upon his wife in October 2011. The only "choke hold" incident referenced in the stipulation occurred in November 2015 in San Diego, California. In all respects except for the date, the San Diego "choke hold" incident stipulated to by the appellant tracks the facts developed during the plea colloquy. The appellant stipulated that he and his wife were stationed in Cherry Point, North Carolina in 2011, and were stationed at Marine Corps Air Station Miramar, Miramar, California, commencing in early 2014.[8]

Additional facts necessary to resolve the specified errors are included below.

## II. DISCUSSION

In response to our order to brief the specified issues, the appellant contends that his plea of guilty to aggravated assault was improvident because the facts elicited during the providence inquiry were inconsistent with the stipulation of fact and the military judge failed to resolve the inconsistency. He also argues that the military judge's findings with respect to the aggravated assault specification are fatally ambiguous. We disagree.

### A. Providence of the Plea to Aggravated Assault

"[W]e review a military judge's decision to accept a guilty plea for an abuse of discretion and questions of law arising from the guilty plea *de novo*." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). We will not disturb a guilty plea unless the appellant demonstrates that there is "a substantial basis" in "law or fact" for questioning the plea. *Id.* "The appellant bears the burden of establishing that the military judge abused that discretion, i.e., that the

---

[5] Appellate Exhibit (AE) IV at 8; Record at 18.

[6] Record at 39.

[7] Prosecution Exhibit (PE) 1; Record at 21-23.

[8] PE 1 at para. 3.b. 3.f.

record shows a substantial basis in law or fact to question the plea." *United States v. Phillips*, 74 M.J. 20, 21-22 (C.A.A.F. 2015) (citation omitted).

"In determining whether a guilty plea is provident, the military judge may consider the facts contained in the stipulation [of fact] along with the inquiry of appellant on the record." *United States v. Jones*, 69 M.J. 294, 299 (C.A.A.F. 2011) (alteration in original). "If an accused sets up matter inconsistent with the plea at any time during the proceeding, the military judge must either resolve the apparent inconsistency or reject the plea." *United States v. Goodman*, 70 M.J. 396, 399 (C.A.A.F. 2011) (citation and internal quotation marks omitted). "This court must find 'a substantial conflict between the plea and the accused's statements or other evidence' in order to set aside a guilty plea. The 'mere possibility' of a conflict is not sufficient." *United States v. Watson*, 71 M.J. 54, 58 (C.A.A.F. 2012) (citation omitted).

We find no substantial basis in law or fact to question the appellant's plea of guilty to aggravated assault.

First, the accused did not set "up matter inconsistent with the plea at any time during the proceeding[.]" *Goodman*, 70 M.J. at 399 (citation and internal quotation marks omitted). To the contrary, the circumstances described by the appellant during the plea colloquy with the military judge are consistent with the facts alleged in the specification, satisfy the elements of aggravated assault,[9] and satisfy the elements of the offense and key definitions as explained by the military judge.

While under oath, the appellant explained:

> My wife and I had an argument close to 1 October 2011, where she wanted to make a phone call after we were having an argument and I didn't want her to make a phone call. So I came up

---

[9] The elements of aggravated assault as alleged:

(1) That the accused did bodily harm to a certain person;

(2) That the accused did so with a certain force;

(3) That the bodily harm was done with unlawful force or violence; and

(4) That the force was used in a manner likely to produce death or grievous bodily harm.

MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), Part IV, ¶ 54.b.(4)(a).

behind her and put her in a choke hold to prevent her from making that phone call. . . . She was calling her friend to let them know that we were arguing or fighting.[10]

In response to the military judge's questions the appellant acknowledged: (1) the choke hold he used met the definition of "grievous bodily harm" provided by the military judge; (2) he alone used physical violence during the argument; (3) he did not have lawful authority or legal justification to place his wife in a choke hold; (4) he used unlawful force and violence towards his wife in a manner likely to produce death or grievous bodily harm; (5) he was not forced or coerced into committing the misconduct; (5) he could have avoided placing her in a choke hold if he wanted to; and (6) he did not commit his actions in self-defense.[11]

Likewise, the stipulation of fact did not set "up matter inconsistent with the plea." *Goodman*, 70 M.J. at 399. Indeed, the sole discrepancy between the plea colloquy and the stipulation was the date the appellant admitted to placing his wife in a choke hold. Both the October 2011 date of the aggravated assault he described during the plea colloquy with the military judge, and the November 2015 date of the choke hold incident addressed in the stipulation are within the time frame charged and consistent with his plea of guilty.

We can postulate at least three plausible explanations for this discrepancy: (1) the appellant misspoke as to the date he placed his wife in a choke hold during the plea inquiry and intended to say November 2015 consistent with the stipulation of fact; (2) the date of the choke hold incident in the stipulation of fact is in error and should have read 1 October 2011; or (3) the appellant placed his wife in a choke hold under similar circumstances in both October 2011 and November 2015. We need not determine which explanation is most plausible, or if some other explanation for this discrepancy exists, since the discrepancy in dates is not inconsistent with the appellant's plea of guilty to committing the offense "between on or about 1 October 2011 and on or about 1 April 2016."

Second, to rise to the level of inconsistency contemplated by Article 45(a), UCMJ, matters raised at trial must have reasonably raised the question of a defense or must have been inconsistent with the plea in some respect. *Id.* (citing *United States v. Roane*, 43 M.J. 93, 98 (C.A.A.F. 1995)). The appellant does not allege any evidence raising a potential defense, excuse, or legal justification for placing his wife in the choke hold. Nor do we find that the discrepancy in

---

[10] Record at 39.

[11] *Id* at 39-40.

the dates "reasonably raise[s] the question of a defense" or is "otherwise inconsistent with his plea of guilty." *Id.*

Third, "[n]othing in the stipulation negat[es the appellant's] guilt of the offense" charged. *United States v. Wimberly*, 42 C.M.R. 242, 245 (C.M.A. 1970). The appellant admitted placing his wife in a choke hold in October 2011, and the stipulation of fact referenced a choke hold incident in November 2015. This discrepancy does nothing to negate, nor raise any reasonable doubt, as to whether the appellant committed an aggravated assault upon his wife during the charged time frame. "It is not necessary that stipulated evidence establish an accused's guilt in order that a plea of guilty be upheld, and in order to justify setting aside a guilty plea on the basis of stipulated evidence such evidence must negat[e] the accused's guilt of the offense." *Id.* (citations omitted).

This discrepancy does not negate the appellant's guilt and does not constitute "a substantial conflict between the plea and the [appellant's] statements or other evidence." *Watson*, 71 M.J. at 58. Nor does this discrepancy demonstrate "a substantial basis" in "law or fact" for questioning his plea. *Inabinette*, 66 M.J. at 322. The factual circumstances as revealed by the appellant himself, and in the stipulation of fact, "objectively support the plea" and thus sufficiently establish its factual predicate. *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996) (citation omitted).

We conclude the military judge did not abuse his discretion in finding the appellant guilty of aggravated assault. The appellant has not sustained his burden to demonstrate that there is a substantial basis in law or fact for questioning the plea, and we find none. We find that the factual circumstances as revealed by the appellant himself objectively support his plea of guilty. We will take action in our decretal paragraph necessary to eradicate any potential prejudice to the appellant attributable to language which implies that he was convicted of a single aggravated assault committed in two separate locations.

## B. Ambiguous Findings

The appellant next argues that the findings are fatally ambiguous, because the military judge failed to clarify and correct the inconsistency in the record, and it is impossible to determine whether the finding of guilty as to that specification was based on an offense that occurred in San Diego in November of 2015 or in some other location in October 2011. The government responds that ambiguous findings require findings of not guilty, and since the language "on divers occasions" was withdrawn prior to findings and the military judge found the appellant guilty of a single aggravated assault (Specification 2 of Charge III), the finding is not ambiguous. We agree with the government.

"Whether a verdict is ambiguous and thus precludes a [court of criminal appeals (CCA)] from performing a factual sufficiency review is a question of

law reviewed *de novo.*" *United States v. Ross*, 68 M.J. 415, 417 (C.A.A.F. 2010). A military CCA, in the course of its review process, cannot conduct a factual sufficiency review of an accused's conviction when "the findings of guilty and not guilty do not disclose the conduct upon which each of them was based." *United States v. Walters*, 58 M.J. 391, 397 (C.A.A.F. 2003).

"[W]hen the phrase 'on divers occasions' is removed from a specification, the effect is 'that the accused has been found guilty of misconduct on a single occasion and not guilty of the remaining occasions.'" *United States v. Wilson*, 67 M.J. 423, 428 (C.A.A.F. 2009) (quoting *United States v. Augspurger*, 61 M.J. 189, 190 (C.A.A.F. 2005)). "If there is no indication on the record which of the alleged incidents forms the basis of the conviction, then the findings of guilt are ambiguous and the [CCA] cannot perform a factual sufficiency review." *Id.* at 428 (quoting *Walters*, 58 M.J. at 396-97). "Double jeopardy principles prohibit a reviewing court from rehearing any incidents for which the accused was found not guilty." *Id.* (citing *Green v. United States*, 355 U.S. 184, 187-88 (1957) (additional citation omitted)). We are precluded from conducting a factual sufficiency review when the findings are ambiguous because such action creates the possibility that we would affirm a finding of guilt based on an incident of which the appellant had been acquitted at trial. *Id.* (citing *Walters*, 58 M.J. at 395).

In this case, the military judge found the appellant guilty of aggravated assault in accordance with his pleas. The appellant pled guilty to the specification after the language, "on divers occasion," [sic], was excepted in accordance with a PTA.[12] We have concluded the military judge did not abuse his discretion in finding the appellant guilty of that aggravated assault.

Unlike in *Walters* and its progeny, the military judge did not except the words "on divers occasions" from a specification thereby indicating a finding of guilt on only one occasion and *findings of not guilty to the other occasions.* Instead the appellant pled guilty to and was found guilty of a single aggravated assault. "[T]he difference in the verdicts of the factfinders is the dispositive distinction between this case and *Walters*[.]" *United States v. Rodriguez*, 66 M.J. 201, 202 (C.A.A.F. 2008). The rule from *Walters* "applies only in those narrow circumstance[s] involving the conversion of a 'divers occasions' specification to a 'one occasion' specification through exceptions and substitutions" by the fact finder. *United States v. Brown*, 65 M.J. 356, 358 (C.A.A.F. 2007) (alteration in original) (internal quotation marks omitted) (citing *Walters*, 58 M.J. at 396).

In this case, there is no such ambiguity; we are not left to speculate as to the offense of which the military judge convicted the appellant. *See United*

---

[12] AE IV at page 8.

*States v. Martin,* No. 39217, 2018 CCA LEXIS 295, at *5, unpublished op. (A.F. Ct. Crim. App. 13 Jun 2018). The military judge found the appellant guilty of strangling his wife on a single occasion by placing her in a choke hold, in accordance with his pleas. Accordingly, the findings are not ambiguous and we are not precluded "from performing a factual sufficiency review" pursuant to Article 66, UCMJ. *Ross,* 68 M.J. at 417.

### III. CONCLUSION

The supplemental court-martial order shall reflect that the finding of guilty to Specification 2 of Charge III, aggravated assault, is modified by excepting the language "at or near San Diego, California and at or near Havelock, North Carolina" and substituting therefor the language "within the continental United States." The findings and the sentence are affirmed.

Senior Judge MARKS and Senior Judge JONES concur.

FOR THE COURT

RODGER A. DREW, JR.
Clerk of Court