*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
GASTON, HOUTZ, and MYERS
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Jasan E. WILLIAMS**
Aviation Structural Mechanic Second Class (E-5), U.S. Navy
*Appellant*

**No. 202100006**

_____

Decided: 18 May 2022

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Chad C. Temple

Sentence adjudged 21 September 2020 by a general court-martial convened at Naval Base San Diego, California, consisting of officer and enlisted members. Sentence approved by the convening authority: reduction to E-1, confinement for 18 months, and a dishonorable discharge.

For Appellant:
*Brian A. Pristera, Esq.*
*Major Anthony M. Grzincic, USMC*

For Appellee:
*Lieutenant Commander Jeffrey S. Marden, JAGC, USN*
*Major Clayton L. Wiggins, USMC*

—————————————

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

—————————————

PER CURIAM:

A members panel sitting as a general court-martial convicted Appellant, contrary to his pleas, of two specifications of sexual assault in violation of Article 120, Uniform Code of Military Justice [UCMJ],[1] for penetrating Petty Officer Second Class (E-5) [PO2] Sierra's[2] vulva with his finger when he knew or reasonably should have known she was asleep and by causing her bodily harm by engaging in the same conduct without her consent.[3]

Appellant asserts three assignments of error [AOEs] related to the members' announcement of findings: (1) that Appellant was acquitted when the panel initially announced he was not guilty of the essential intent element for both specifications of the Charge; (2) that the military judge erred after the members initially announced findings by providing the members a new findings worksheet with suggested language that would result in a conviction and instructing them to return to the deliberation room and then re-announce findings; and (3) that the military judge improperly impeached the original findings announced by the members.[4] We find no prejudicial error and affirm.

## I. BACKGROUND

Appellant was charged in both specifications with digitally penetrating PO2 Sierra's vulva "with an intent to abuse, humiliate, harass, and degrade

---

[1] 10 U.S.C. § 920.

[2] All names in this opinion, other than those of Appellant, the judges, and counsel, are pseudonyms.

[3] The military judge conditionally dismissed the specification of sexual assault by bodily harm, to become effective upon final appellate review.

[4] Our discussion and holdings for the first two AOEs, finding ambiguity in the original announcement followed by proper instruction to clarify the ambiguity, render moot Appellant's third AOE, which we resolve without additional discussion. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).

her, and to arouse and gratify his own sexual desire."[5] During trial, at Government request the military judge issued a variance instruction that allowed the members to except either, but not both, of these intent prongs. He did so over Defense objection that the instruction would ease the Government's burden by allowing the members to "pick and choose" between listed elements. The variance instruction read:

> As to Specifications 1 and 2 of the Charge, if you have doubt that the accused intended to abuse, humiliate, harass, and degrade [PO2 Sierra], but you believe beyond a reasonable doubt that the accused intended to arouse and gratify his own sexual desire, you may still reach a finding of guilty so long as all the elements of the offense are proved beyond a reasonable doubt, but you must modify the specification to correctly reflect your findings.

> Conversely, as to Specifications 1 and 2 of the Charge, if you have doubt that the accused intended to arouse and gratify his own sexual desire, but you believe beyond a reasonable doubt that the accused intended to abuse, humiliate, harass, and degrade [PO2 Sierra], you may still reach a finding of guilty so long as all the elements of the offense are proved beyond a reasonable doubt, but you must modify the specification to correctly reflect your findings.[6]

During deliberations, the members asked the court a procedural question with regard to excepting words on the findings worksheet: "In the example of each word following intent: abuse, humiliate, harass and degrade, can individual words be excepted or must it be the whole sentence?"[7] In response, the trial defense counsel renewed the Defense objection to the variance instruction, stating, "we feel like we're in the situation now where the members may feel like they can just take words off the charge," and recommended that the military judge refer the members to the instruction that was already ruled on and provided.[8] The military judge responded to the question by re-reading the

---

[5] Charge Sheet.

[6] R. at 653.

[7] Appellate Ex. XLV.

[8] R. at 666.

above variance instruction to the members and then instructed them to resume their deliberations.

The members eventually reached findings, which were annotated in the findings worksheet.[9] The military judge reviewed the findings worksheet and found it to be in proper form. The senior member then announced the findings as follows:

> Of Specification 1 of the Charge: Excepting the words "with an intent to abuse, harass and degrade her," of the excepted words, Not Guilty; of the Specification as excepted, Guilty.

> Of Specification 2 of the Charge: Excepting the words "with an intent to abuse, humiliate, harass, and degrade her," of the excepted words, Not Guilty; of the Specification as excepted, Guilty. . . .

> Of the Charge: Guilty.[10]

After a recess, the military judge informed the parties that he wanted ensure under the discussion of Rule for Courts-Martial [R.C.M.] 922(b) that the findings announced were not ambiguous, and that he intended to issue the members a second findings worksheet and instruct them to ensure the findings worksheet correctly reflected their findings without reconsidering their findings. Defense counsel objected that the proposed instruction was confusing and that the members paid close attention and excepted exactly the words they intended to. The military judge subsequently provided the members a new findings worksheet, instructing the senior member to "complete this worksheet such that it accurately reflects the members' findings" and that "[y]ou may not reconsider your findings."[11] The military judge subsequently informed the parties that he had "not found anything to be ambiguous" and that he had "provided the second findings worksheet to determine if the announcement of the findings was or was not ambiguous."[12]

Upon completing the second findings worksheet, the members again announced their findings in court, this time without excepting the words "with an intent" from either specification:

---

[9] Appellate Ex. XXXI.

[10] R. at 672.

[11] *Id*. at 679.

[12] *Id*. at 681.

Of Specification 1 of the Charge: Excepting the words "to abuse, humiliate, harass and degrade her," of the excepted words, Not Guilty; of the Specification as excepted, Guilty.

Of Specification 2 of the Charge: Excepting the words "to abuse, humiliate, harass and degrade her," of the excepted words, Not Guilty; of the Specification as excepted, Guilty.

Of the Charge: Guilty.[13]

## II. DISCUSSION

### A. Ambiguous Findings

We address Appellant's first AOE by determining whether the first findings announcement amounted to an acquittal or merely contained an error in the announcement that could be corrected in a new announcement. This issue is purely a question of law, as it involves both instructing members[14] and determining whether the findings can be reasonably read to state an offense.[15] We therefore review this question de novo.

It is well settled that "[o]ne or more words or figures may be excepted from a specification and, when necessary, others substituted, if the remaining language of the specification, with or without substitutions, states an offense by the accused which is punishable by the court-martial."[16] However, "[a] finding of guilty to the overall charge, but not guilty to one of the elements of the charge through exceptions and substitutions, amounts to a finding of not guilty."[17] "A finding on the guilt or innocence of the accused is not final until it is formally

---

[13] *Id.* at 685.

[14] *United States v. Mott,* 72 M.J. 319, 325 (C.A.A.F. 2013).

[15] *See United States v. Turner*, 79 M.J. 401, 404 (C.A.A.F. 2020).

[16] R.C.M. 918(a)(1), Discussion.

[17] *United States v. Ayalacruz*, 79 M.J. 747, 753 (N-M. Ct. Crim. App. 2020) (quoting *United States v. Joseph*, No. 201300460, 2015 CCA LEXIS 54, *6 (N-M. Ct. Crim. App. 19 Feb. 2015) (unpublished)).

*and correctly* announced in open court."[18] If a court formally *and correctly* announces a finding of not guilty in open court, it cannot thereafter reconsider its finding and return a finding of guilty.[19]

"R.C.M. 922 provides military judges with a mechanism to correct errors in the findings."[20] Under the rule, "[i]f an error was made in the announcement of the findings of the court-martial, the error may be corrected by a new announcement in accordance with this rule. The error must be discovered and the new announcement made before the final adjournment of the court-martial in the case."[21] Members may only "reconsider any finding reached by them before such finding is announced in open session."[22]

"If the findings announced are ambiguous, the military judge should seek clarification."[23] We have defined ambiguity in other contexts as occurring when the "language of the action is susceptible to two or more meanings."[24] When we evaluate an ambiguity, "we are limited to the consideration of the four corners of the [document] and may not look elsewhere to matters outside that document."[25] Here, while the military judge stated that there was *not* an ambiguity in the original announcement of the findings, he followed the procedures for resolving an ambiguity by seeking clarification under R.C.M. 922(b) "to determine if the announcement of the findings was or was not ambiguous."[26]

In our view, the original announcement of the findings *was* ambiguous, as it purported to find Appellant guilty by excepting certain language from the specifications, while simultaneously also excepting the words, "with an intent," which were necessary for the language remaining in the specifications to state

---

[18] *United States v. Trew*, 68 M.J. 364, 367 (C.A.A.F. 2010) (quoting *United States v. London*, 4 C.M.A. 90, 96, 15 C.M.R. 90, 96 (1954)) (emphasis added).

[19] *United States v. Hitchcock*, 6 M.J. 188, 189 (C.M.A. 1979).

[20] *Trew*, 68 M.J. at 368.

[21] R.C.M. 922(d).

[22] R.C.M. 924(a).

[23] R.C.M. 922(b) Discussion.

[24] *United States v. Warren*, 71 M.J. 505, 508 (N-M. Ct. Crim. App. 2012) (citing *United States v. Loft*, 10 M.J. 266, 268 (C.M.A. 1981) in the context of ambiguous convening authority's actions).

[25] *Id.*

[26] R. at 681.

an offense.[27] We therefore find that the military judge properly sought clarification under R.C.M. 922(b) for this ambiguity in the original findings announcement. We also find that he properly instructed the members not to reconsider their findings, which must occur prior to announcement, but only to clarify what their findings were, which can occur with a subsequent announcement prior to adjournment.[28] Upon completing the second findings worksheet and announcing their findings a second time without excepting the words, "with an intent," the members made clear that they did find beyond a reasonable doubt that Appellant had the requisite intent indicated by the remaining language in the specifications.

Accordingly, we hold that the first announcement of findings did not amount to an acquittal, but merely contained an error in the announcement, which was corrected in the second announcement.

## B. The Second Findings Worksheet

Appellant's second AOE asserts that the military judge erred in seeking clarification of the findings, by providing the members with a second findings worksheet that removed the words "with the intent" from the excepted words, which effectively added them back into the specifications.[29] He argues that the second findings worksheet effectively left no option to acquit Appellant if that is what the members intended to do. We disagree.

"The question of whether a jury was properly instructed is a question of law, and thus, review is de novo."[30] Here, the military judge provided a second

---

[27] Thus, as originally excepted, the pertinent portions of the specifications read as follows:

> Specification 1 (Sexual Assault – Asleep): . . . by causing penetration of her vulva with his finger when he knew or reasonably should have known that she was asleep, humiliate to arouse and gratify his own sexual desire.

> Specification 2 (Sexual Assault – Bodily Harm): . . . by causing penetration of her vulva with his finger by causing bodily harm to her, to wit: penetrating her vulva with his finger, without her consent, to arouse and gratify his own sexual desire.

[28] *See* R.C.M. 924; R.C.M. 922(c).

[29] Appellate Ex. XLVII.

[30] *United States v. McDonald*, 57 M.J. 18, 20 (C.A.A.F. 2002) (internal quotation marks and citation omitted).

findings worksheet that allowed the members to find Appellant not guilty of the offenses if they so chose. While the military judge did not specifically discuss the "with an intent" language with the members, the second findings worksheet properly allowed the members either to except the originally excepted language that did not include this essential language or else to acquit. This was the exact clarification required from the members, since the original findings worksheet and announcement ambiguously purported both to except a portion of the essential intent element and to convict. The military judge could have expressly explained this concept to the members, spelling out how their findings were ambiguous and that the court needed clarification as to whether they had or had not found that Appellant possessed the requisite intent beyond a reasonable doubt. However, we find that the formatting of the second findings worksheet, coupled with the military judge's instructions to "complete this worksheet such that it accurately reflects your findings" and to "make sure the announcement of the findings accurately reflects your findings," while not "reconsider[ing] [your] findings," required the members to do just that.[31] Accordingly, we find no error in the military judge's instructions or in his provision of the second findings worksheet to the members.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[32]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[31] R. at 679.

[32] Articles 59 & 66, UCMJ.