UNITED STATES, Appellee

v.

James D. WILSON, Staff Sergeant
U.S. Army, Appellant

No. 09-0010

Crim. App. No. 20061187

United States Court of Appeals for the Armed Forces

Argued April 27, 2009

Decided June 18, 2009

EFFRON, C.J., delivered the opinion of the Court, in which
BAKER, ERDMANN, and RYAN, JJ., joined.  STUCKY, J., filed a
dissenting opinion.

<u>Counsel</u>


For Appellant:  <u>Captain Pamela Perillo</u> (argued); <u>Lieutenant
Colonel Mark Tellitocci</u>, <u>Lieutenant Colonel Matthew M. Miller</u>,
and <u>Major Grace M. Gallagher</u> (on brief).


For Appellee:  <u>Captain Sarah J. Rykowski</u> (argued); <u>Colonel
Denise R. Lind</u>, <u>Lieutenant Colonel Mark H. Sydenham</u>, and <u>Captain
Philip M. Staten</u> (on brief).


Military Judge:  Donna M. Wright


<u>**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**</u>

Chief Judge EFFRON delivered the opinion of the Court.

The charges referred to Appellant's general court-martial alleged a variety of offenses concerning abuse of his stepdaughter, RC. The charged offenses included making a false official statement, rape of a child (two specifications), sodomy with a child, and indecent act with a child (two specifications), in violation of Articles 107, 120, 125, and 134 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 907, 920, 925, 934 (2000). The military judge dismissed the sodomy and indecent acts charges based upon the statute of limitations. The prosecution elected to not present evidence on one of the rape specifications, leading to a finding of not guilty on that specification. The military judge, sitting as a general court-martial, convicted Appellant, contrary to his pleas, of making a false official statement and of the remaining rape specification.

The military judge sentenced Appellant to reduction to pay grade E-1, confinement for eleven years, and a dishonorable discharge. The convening authority approved the adjudged sentence and waived the automatic forfeitures for six months.

The present appeal concerns the rape conviction. The offense, as charged, read as follows:

> In that [Appellant], did, at or near Colorado Springs, Colorado, on divers occasions between on or about 15 February 1996 and on or about 1 March 1998, rape [RC], a

2

person under the age of 12.
The military judge concluded that the offense consisted of a single incident, and struck out the phrase "on divers occasions" from the findings. In so doing, the military judge convicted Appellant of a single rape, while acquitting Appellant of multiple incidents of rape.

The United States Army Court of Criminal Appeals affirmed. United States v. Wilson, No. ARMY 20061187 (A. Ct. Crim. App. Aug. 27, 2008) (unpublished). On Appellant's petition, we granted review of the following issue:

> WHETHER THE ARMY COURT OF CRIMINAL APPEALS ERRED
> IN AFFIRMING APPELLANT'S CONVICTION FOR RAPE WHEN
> THE MILITARY JUDGE EXCEPTED "ON DIVERS OCCASIONS"
> FROM THE SPECIFICATION AND DID NOT SPECIFY THE
> SINGLE OCCASION AS PART OF THE FINDING, BUT THE
> VICTIM ONLY TESTIFIED TO A SINGLE OCCURRENCE AND
> THE PARTIES ONLY ARGUED THIS SINGLE OCCASION TO
> THE MILITARY JUDGE.

For the reasons set forth below, we conclude that the military judge erred under the circumstances of this case by not identifying the single occasion that formed the basis for the conviction.

## I.    BACKGROUND

### A.    THE CHARGE:    MULTIPLE INCIDENTS OF RAPE OVER AN EXTENDED PERIOD OF TIME

The convening authority had a number of options with respect to the offense at issue, including referring a single specification alleging a single incident of rape; referring multiple specifications alleging different incidents of rape; or referring a single specification alleging multiple incidents of rape.  In choosing the last option, a single specification covering multiple incidents, the convening authority referred for trial an allegation that the rapes occurred "on divers occasions" over a lengthy period of time -- "between on or about 15 February 1996 and on or about 1 March 1998."

### B.    THE PROSECUTION'S OPENING STATEMENT

Trial counsel made a very brief opening statement in which he underscored the prosecution's primary reliance on two sources of evidence about alleged acts.  First, he referred to the anticipated testimony from the victim, RC, and her difficulty in recalling specific dates.  He noted that RC would describe a specific incident of rape on Appellant's bed and "other incidents."  Second, trial counsel stated that the prosecution would present evidence "about these acts from the mouth of the accused through" statements he provided to law enforcement officials.  According to trial counsel, Appellant's pretrial

statements would "clarify the critical details of [RC's]
recollection of those events."

### C.   EVIDENCE OF THE INCIDENTS FROM THE TESTIMONY OF THE VICTIM AND FROM APPELLANT'S PRETRIAL ADMISSIONS

### 1.   Testimony of the victim

RC testified at the court-martial regarding the incidents
she could remember.  These incidents occurred approximately ten
years before the court-martial, when RC was five to seven years
old.  When asked if she understood at the time what had occurred
during the incidents, she said:  "I didn't know what was
happening.  I knew that it was what he told me to do and that I
didn't like it at all."

RC described one incident in which Appellant "did penetrate
me" in a bedroom of their Colorado Springs home.  RC recounted a
number of details including the following:  Appellant placed her
in a bent position and approached her from behind; the act took
place on the floor; the penetration was painful; she asked for
her teddy bear for comfort during the act but Appellant refused
to give it to her; and that, following the act, Appellant told
her not to tell anyone what had happened.

In addition to the incident in the bedroom, RC testified
about other incidents, including some that occurred in the
bathroom of their home in Colorado Spring, Colorado.  RC
recalled using an old, pink washcloth to clean herself up after

one incident in the bathroom.  She also testified that Appellant would instruct her on how to perform oral sex on him, and that Appellant would rub his penis against her vagina.

In response to trial counsel's questions, she testified that there were seven such incidents, that "actual penetration" occurred once, and that the other incidents involved oral sex and touching and rubbing his penis on her vagina.  When trial counsel asked if she could recall "if he penetrated you a little bit" in those incidents, she said:  "I don't recall.  I'm pretty sure it would have hurt as much as it hurt that one time."

2.   Appellant's Sworn Pretrial Statement

The prosecution introduced into evidence a sworn statement made by Appellant during the course of the pretrial investigation.  In this sworn statement, Appellant admitted to penetrating RC during one occasion in the bathroom of their Colorado Springs home.

Appellant also described incidents involving RC while stationed both at Fort Bliss, Texas, and at Fort Carson, Colorado, including occasions in which he would rub his penis against RC's vagina as she sat on the counter in the bathroom. During one such incident, Appellant recalled that RC had said, "Ouch, that hurts."  Upon further questioning by the investigating officer, Appellant answered "Yes" to the question, "Did your penis ever enter in between [RC's] external labia?"

Appellant denied any incidents of sexual contact with RC apart from those he specifically described in his statement. Appellant's admissions were corroborated by RC's testimony in a number of respects, including the sexual activity in the bathroom in which his penis touched her vagina, Appellant's instructions to her regarding oral sex, and RC's use of a washcloth to clean up after one of the incidents.

## D.  CLOSING STATEMENTS

### 1.  Trial Counsel's Closing Statement

Trial counsel recounted RC's detailed description of the bedroom rape and focused on the impact of the event on RC.  He also argued that Appellant's sworn statement corroborated RC's testimony that Appellant penetrated her in their Colorado Springs home.

### 2.  Defense Counsel's Closing Statement

Defense counsel's closing statement focused on whether the facts alleged in Appellant's admission and RC's testimony satisfied the legal definition of rape.  He argued that the Government failed to produce evidence of Appellant's guilt beyond a reasonable doubt.  Defense counsel further argued that, even if the Government had met its burden of proof, "it is very clear that this [court-martial] only pertains to one incident, not on divers occasions as alleged in the charge."  Defense

counsel did not state on the record which of the alleged incidents -- the incident in the bedroom or the incident in the bathroom -- formed the basis for his contention that there was only one incident at issue in the court-martial.

3.  Trial Counsel's Rebuttal

In rebuttal, trial counsel stated that Appellant's sworn statement corroborated RC's testimony as to everything that occurred.  He also argued that Appellant's sworn statement contained an admission to rape which satisfied the legal definition of that offense.  Finally, trial counsel argued that RC's testimony about the bedroom incident was sufficient to corroborate Appellant's admission that he raped RC in the bathroom.  He reasoned that RC's testimony that she said words to the effect of "[o]uch.  That hurts," during the bedroom rape incident was consistent with, and therefore corroborated by, Appellant's statement that RC said similar words during the bathroom incident.  Trial counsel concluded by asking the court to enter a finding of guilty for Specification 2 of Charge II as written.

E.  THE MILITARY JUDGE'S FINDINGS

Immediately after trial counsel finished his rebuttal argument, the following exchange took place between trial counsel and the military judge:

> MJ: You would agree that, at most, it [sic] would be guilty except the words "on divers occasions"?
>
> TC: Yes, Your Honor.  The government would agree to that.

Trial counsel appeared to abandon the Government's view regarding multiple incidents of rape, but neither the military judge nor trial counsel identified which incident would form the basis of Appellant's conviction should the words "on divers occasions" be excepted from the specification.  The parties had a separate, detailed discussion about the appropriate lesser included offense to be considered by the military judge during her deliberations.

The military judge found Appellant guilty of Specification 2 of Charge II, excepting the words "on divers occasions."  The military judge did not indicate on the record or through substitutions to the specification the rape incident of which she was convicting Appellant.  Neither party asked for clarification as to which alleged rape incident formed the basis of the conviction.

F.  THE DECISION OF THE COURT OF CRIMINAL APPEALS

The Court of Criminal Appeals issued a one-paragraph, per curiam opinion affirming the findings of guilty and the sentence as approved by the convening authority.  Wilson, No. ARMY 20061187, slip op. at 1.  The opinion also contained the following footnote:

> The findings unquestionably disclose the single
> occasion on which the conviction is based.  We are
> able to conduct a factual sufficiency review and
> affirm the findings because we can confidently, and
> without any doubt, determine which occasion the
> appellant was convicted of and for which occasion he
> was acquitted.  See generally U.S. v. Scheurer, 62
> M.J. 100, 110-112 (C.A.A.F. 2005) (The court
> determined that when the findings provide sufficient
> certainty to establish which of the charged divers
> occasions provide the basis for the conviction, there
> is sufficient basis for factual sufficiency review by
> the appellate courts.)  The victim in this case
> unequivocally testified that she was raped on only one
> occasion, and the parties accordingly shaped their
> closing arguments to address the only assertion of
> rape described by the victim.  Thus, we find no
> ambiguity in the finding at issue.

Id. at 1-2 n.*.


## II.  DISCUSSION

On appeal, Appellant contends that the Court of Criminal
Appeals erred in affirming his conviction because the military
judge's findings were ambiguous as to which alleged incident
formed the basis of the conviction.  In that context, according
to Appellant, the lower court was precluded from performing a
factual sufficiency review.

In response, the Government contends that the lower court
was not precluded from performing a factual sufficiency review
because evidence of only one alleged incident of rape was
presented at trial.  The Government also asserts that it was
clear from the record that all the parties understood which rape
incident formed the basis of Appellant's conviction.

10

A.  EVIDENCE AT TRIAL CONCERNING MULTIPLE INCIDENTS OF RAPE

In this case, the Government chose to charge Appellant with raping RC at or near Colorado Springs "on divers occasions." The evidence was not presented as a single incident in which the victim and perpetrator had different accounts.  From the drafting of the charges through the prosecution's closing argument, the Government focused on multiple incidents of rape. It presented evidence of two separate incidents -- one in the bathroom and one in the bedroom.

Appellant, through a sworn statement that was admitted into evidence at trial, admitted to raping RC in the bathroom of Appellant's Colorado Springs home.  The testimony from RC corroborated Appellant's admission in many respects, particularly her testimony that a sexual incident took place in the bathroom in which his penis touched her vagina.  See Military Rule of Evidence (M.R.E.) 304(g)(1) (noting that corroborating evidence "need raise only an inference of the truth of the essential facts admitted").

RC also testified in detail to a separate incident that occurred in the bedroom of the Colorado Springs home.  Although this was the only incident of rape that she could recall in detail, her testimony -- covering events many years in the past when she was quite young -- left open the possibility that Appellant raped her on multiple occasions.  The details that she

provided of other incidents in the bathroom corroborated Appellant's admission that he raped RC in the bathroom.

Trial counsel explicitly referenced both RC's testimony and Appellant's sworn statement during his opening and closing statements. He used RC's testimony to support a theory of multiple rapes. Trial counsel discussed RC's account of the bedroom rape incident in detail, and he also used overlapping similarities between Appellant's admissions and RC's testimony regarding the other indecent acts Appellant performed to argue that Appellant's statements about the bathroom rape incident were credible.

### B. THE FINDINGS WERE AMBIGUOUS

As we noted in United States v. Augspurger, 61 M.J. 189, 190 (C.A.A.F. 2005), when the phrase "on divers occasions" is removed from a specification, the effect is "that the accused has been found guilty of misconduct on a single occasion and not guilty of the remaining occasions." If there is no indication on the record which of the alleged incidents forms the basis of the conviction, then the findings of guilt are ambiguous and the Court of Criminal Appeals cannot perform a factual sufficiency review. United States v. Walters, 58 M.J. 391, 396-97 (C.A.A.F. 2003).

In the present case, the military judge found Appellant

guilty of the specification of rape, but excepted the words "on divers occasions." Because evidence of multiple incidents of rape was presented at trial, the military judge was required to indicate the single incident for which she convicted Appellant.

Clarification of ambiguous findings "can generally be accomplished through reference in the substituted language to a relevant date or other facts in evidence that will clearly put the accused and the reviewing courts on notice of what conduct served as the basis for the findings." Walters, 58 M.J. at 396. In addition, in the context of a judge-alone trial, clarification of the ambiguity can be accomplished by a clear statement on the record by the military judge as to which alleged incident formed the basis of the conviction. See United States v. Dunn, 2006 CCA LEXIS 143, at *5, 2006 WL 1815975, at *2 (N-M. Ct. Crim. App. June 30, 2006) (unpublished) ("[I]f the intent of the military judge can be determined from the record, the finding can be affirmed on appeal and the appellant is afforded full protection against double jeopardy.") (citation omitted).

Here, the record does not contain either substituted language or a statement on the record that would identify whether the military judge convicted Appellant of rape for the bathroom incident or the bedroom incident. Without such clarification, the findings of the present case are fatally

13

ambiguous.

Double jeopardy principles prohibit a reviewing court from rehearing any incidents for which the accused was found not guilty. Green v. United States, 355 U.S. 184, 187-88 (1957); United States v. Scheurer, 62 M.J. 100, 112 (C.A.A.F. 2005). An ambiguous determination of guilt precludes a Court of Criminal Appeals from performing a factual sufficiency analysis. Walters, 58 M.J. at 396-97. The court may not conduct a factual sufficiency review when the findings are ambiguous because such action creates the possibility that the court would affirm a finding of guilt based on an incident of which the appellant had been acquitted by the factfinder at trial. Id. at 395.

Similarly, the Courts of Criminal Appeals may not perform an independent review of the record to determine which of the possible incidents most likely formed the basis of the conviction. See generally Augspurger, 61 M.J. at 192-93 (holding that the Court of Criminal Appeals could not independently conclude which occasion was the basis for the conviction and then perform a factual sufficiency review of that conclusion). Ambiguous findings preclude any attempt by the lower courts to "distinguish[] incidents that resulted in acquittal from the single incident that resulted in a conviction." Scheurer, 62 M.J. at 112. "The defect is neither a question of the legal or factual sufficiency of the evidence

14

of one alleged use versus the other, nor is it a question to be resolved by weighing the evidence and concluding that evidence of one use is quantitatively or qualitatively inferior." United States v. Seider, 60 M.J. 36, 38 n.* (C.A.A.F. 2004).

The lower court in this case relied on Scheurer to reach the conclusion that it was "able to conduct a factual sufficiency review . . . because we can confidently, and without any doubt, determine which occasion the appellant was convicted of and for which occasion he was acquitted." Wilson, No. ARMY 20061187, slip op. at 1-2 n*. Scheurer, however, does not stand for the general proposition that when evidence of multiple offenses has been presented at trial, the lower court may make its own determination as to which of the multiple offenses formed the basis of the factfinder's unexplained decision to replace a charge of multiple incidents with a finding of a single incident. See Scheurer, 62 M.J. at 111. Rather, Scheurer stands for the more limited proposition that a Court of Criminal Appeals may review the record to determine if there is only a single possible incident that meets all the details of the specification for which the appellant was convicted. Id. at 111-12.

The present case is analogous to the circumstances surrounding the dismissed specification in Scheurer. Here, the Government presented evidence of multiple incidents that

occurred during the lengthy time frame and in the general location stated in the specification. Because both incidents occurred within the remaining language of the specification after removal of the phrase "on diverse occasions," the Court of Criminal Appeals was not in a position as a matter of law to determine which of the two alleged incidents served as the grounds for Appellant's conviction without explicit guidance on the record from the military judge. See Augspurger, 61 M.J. at 192 (stating that the lower court "did not have the authority to review and affirm [the appellant's] conviction by selecting the occasion that formed the basis for the conviction and then reviewing that conclusion for factual sufficiency").

## C. REMEDIES FOR AMBIGUOUS FINDINGS

"[T]he remedy for a Walters violation is to set aside the finding of guilty to the affected specification and dismiss it with prejudice." Scheurer, 62 M.J. at 112. Accordingly, we set aside the finding of guilty as to Specification 2 of Charge II and dismiss that specification with prejudice.

## III. DECISION

The decision of the United States Army Court of Criminal Appeals is reversed. The finding of guilty of Specification 2 of Charge II and the sentence are set aside. That specification and charge are dismissed with prejudice. The remaining finding

16

of guilty is affirmed.  The record of trial is returned to the

Judge Advocate General of the Army.  A rehearing on sentence may

be ordered.

United States v. Wilson, No. 09-0010/AR

STUCKY, Judge (dissenting):

In my opinion, the United States Army Court of Criminal Appeals (CCA) did not err in affirming Appellant's conviction for the rape of his stepdaughter, RC, in the bedroom; therefore, I respectfully dissent.

In the written statement he provided to law enforcement agents, Appellant described two incidents in the bathroom of the family apartment in Colorado Springs, in which, among other indecent acts, he rubbed his penis on RC's vagina, masturbated, and ejaculated.  With prodding from the interrogator, Appellant made additional admissions:

Q:   Did your penis enter her vagina, which caused her to make that statement ["Ouch, that hurts"]?

A:   I do not know.  She never stated that it did and honestly I don't know.

Q:   Did the head of your penis enter her vagina, meaning her external labia, and you then stopped before entering her vaginal canal when she stated that it hurt?

A:   That could have happened, I remember her saying ouch, yes, that hurts, then I stopped.  I can say that is a possibility.

Q:   Do you understand what external labia means?

A:   Yes.

Q:   Do you understand what vaginal canal means?

A:   Yes.

Q:   Did your penis ever enter [RC]'s vaginal canal?

A:   No.

Q:   Did your penis ever enter in between Rene's external
     labia?

A:   Yes.

RC testified that Appellant raped her.  "[H]e did take me into my mother's bedroom and he did penetrate me when I was, like -- I don't remember -- 5 or 6."  "I remember going into the bedroom and I remember being bent over in the doggy-style position . . . .  I don't quite remember what he said, but I remember something hurt -- it hurt a lot.  And I said 'Ow, that hurts.  Stop.  Please stop.  Ow, that hurts.'"  She agreed with the trial counsel that it was her vagina that hurt.  Although RC remembers seven instances during which she was sexually molested, she insisted that there was actual penetration only once.  The military judge asked if she believed Appellant penetrated her with his penis.  RC answered "yes."

Military Rule of Evidence (M.R.E.) 304(g) provides in pertinent part:

> An admission or a confession of the accused may be considered as evidence against the accused on the question of guilt or innocence only if independent evidence, either direct or circumstantial, has been introduced that corroborates the essential facts admitted to justify sufficiently an inference of their truth. . . .  If the independent evidence raises an inference of the truth of some but not all of the essential facts admitted, then the confession or admission may be considered as evidence against the accused only with respect to those essential facts

> stated in the confession or admission that are
> corroborated by the independent evidence.

The corroboration rule seems to contemplate two different issues:  First, if objected to, the military judge must hold a hearing to determine whether there is sufficient corroborating evidence to admit the statement, M.R.E. 304(g)(2); second, the trier of fact must consider the "amount and type of evidence introduced as corroboration . . . in determining the weight, if any, to be given to the admission or confession."  M.R.E. 304(g)(1); see United States v. Duvall, 47 M.J. 189, 192 (C.A.A.F. 1997); 1 Stephen A. Saltzburg et al., Military Rules of Evidence Manual § 304.02[7], at 3-102 (6th ed. 2006).

There was no objection to the admission of Appellant's statement.  Therefore, the sole question for the military judge was the weight to give to the admission that his penis entered between RC's external labia based on the evidence introduced as corroboration.  If RC had testified only that she was sexually molested in the bathroom, that alone would have been sufficient for the military judge to give weight to Appellant's admission that, during the molestation, his penis entered RC's external labia.  Likewise, if RC had testified that she had been molested in the bathroom and raped in the bedroom, without asserting that it was the only time she was raped, then the evidence would have been sufficient for the military judge to give weight to

Appellant's admission. Under these scenarios, we would be unable to tell which rape the military judge convicted Appellant of committing. But here, RC insisted that she was raped only once and it occurred in the bedroom.

"Military judges are presumed to know the law and follow it absent clear evidence to the contrary." United States v. Martinez, 65 M.J. 431 (C.A.A.F. 2007) (summary disposition) (citing United States v. Erickson, 65 M.J. 221, 225 (C.A.A.F. 2007) (a sentencing case)). The military judge was confronted with Appellant's statement wherein he readily admitted performing indecent acts and cunnilingus on RC and having her perform fellatio on him, but only reluctantly admitted that his penis entered RC's external labia. On the other hand, RC insisted that there was only one rape and it occurred in the bedroom. Under these circumstances, the military judge could not have inferred the truth of Appellant's statement that he placed his penis between RC's external labia in the bathroom. The military judge could have convicted Appellant only of the rape in the bedroom. Therefore, I would affirm the decision of the CCA.