UNITED STATES, Appellee

v.

Nicholas S. STEWART, Captain
U.S. Marine Corps, Appellant

No. 11-0440

Crim. App. No. 201000021

United States Court of Appeals for the Armed Forces

Argued January 11, 2012

Decided March 6, 2012

ERDMANN, J., delivered the opinion of the court, in which BAKER, C.J., STUCKY and RYAN, JJ., and COX, S.J., joined.

Counsel


For Appellant:  Major Jeffrey R. Liebenguth, USMC (argued).

For Appellee:  Captain Robert E. Eckert Jr., USMC (argued); Colonel Kurt J. Brubaker, USMC, and Brian K. Keller, Esq. (on brief); Colonel Louis J. Puleo, USMC.

Military Judge:  Bruce W. MacKenzie


**This opinion is subject to revision before final publication.**

United States v. Stewart, No. 11-0440/MC

Judge ERDMANN delivered the opinion of the court.

Contrary to his pleas, Captain Nicholas S. Stewart was convicted by members sitting as a general court-martial of one specification of aggravated sexual assault in violation of Article 120(c)(2), Uniform Code of Military Justice, 10 U.S.C. § 920 (2006).  The members sentenced him to confinement for two years and a dismissal, and the convening authority approved the sentence as adjudged.  The United States Navy-Marine Corps Court of Criminal Appeals (CCA) affirmed the findings and the sentence.  United States v. Stewart, No. NMCCA 201000021, slip op. at 2 (N-M. Ct. Crim. App. Jan. 31, 2011).[1]

We granted three issues in this case to determine:  (1) whether the military judge was required to enter a finding of not guilty pursuant to Rule for Courts-Martial (R.C.M.) 917 after he held that Stewart had met his burden of proof as to the affirmative defense of consent under Article 120(t)(16) by a preponderance of the evidence; (2) whether the CCA erred when it affirmed Stewart's finding of guilty of aggravated sexual assault where the members had already found him not guilty for the same conduct under the same charge; and (3) whether it was error for the military judge to rule at a pre-trial Article 39(a) hearing on whether the defense had met its burden of proof

_____

[1] The CCA directed that a supplemental court-martial order reflect that Stewart was found guilty of the charged

under Article 120(t)(16) to justify instructions addressing the affirmative defenses of consent and mistake of fact as to consent.[2]  Under the unique circumstances of this case, we hold that the finding of guilty affirmed by the CCA was impermissibly based on conduct for which the members had found Stewart not guilty.  Accordingly, we reverse the decision of the CCA, set aside the findings and the sentence, and dismiss the specification and the charge with prejudice.  Because our

---

specification except for the words "substantially incapacitated or."  No. NMCCA 201000021, slip op. at 11.

[2] We granted review of the following issues:

    I.   Under United States v. Prather, is it legally possible for the prosecution to disprove an affirmative defense beyond a reasonable doubt once the military judge has determined that the defense has been proved by a preponderance of the evidence and, if not, is the military judge required to enter a finding of not guilty in such a case under RCM 917?

    II.  Whether the Navy-Marine Corps Court of Criminal Appeals erred in finding the evidence factually sufficient beyond a reasonable doubt to sustain Appellant's conviction under Specification 2 because in doing so it (1) violated the Prather legal-impossibility principle and (2) impermissibly found as facts allegations that he was found not guilty of in Specification 1.

    III. Whether the military judge committed prejudicial error by requiring the defense to present evidence on the defense of consent at an Article 39(a) session prior to trial.

United States v. Stewart, 70 M.J. 331 (C.A.A.F. 2011) (order granting review).

resolution of granted Issue II is case dispositive, we need not address granted Issues I and III.

## FACTUAL BACKGROUND

Stewart and AN, a civilian, had known each other since at least 2001. AN testified that for several months in 2003 and 2004 she and Stewart "were more than just friends" and that their relationship included sexual activity, but no sexual intercourse. In May 2008, Stewart attended a graduation party at AN's home to celebrate her graduation from a Masters of Business Administration program. Over the evening AN become extremely intoxicated. At approximately midnight, AN's friends assisted her downstairs to her bedroom and put her to bed. At the time she was put to bed AN was fully clothed and appeared unconscious. AN testified that she remembered being in bed with her friends being around her and the next thing she remembered was waking up with no clothes on with Stewart lying next to her. After waking up she tried to reconstruct what had occurred and remembered Stewart being on top of her trying to put his penis inside her and also touching her vagina.

Based on this incident, Stewart was charged with a violation of Article 120(c)(2) alleging that he "engage[d] in a sexual act, to wit: using his penis to penetrate [AN] who was substantially incapacitated or substantially incapable of declining participation in the sexual act."

United States v. Stewart, No. 11-0440/MC

PROCEDURAL BACKGROUND

The military judge recognized that pursuant to Article 120(t)(16) that when an accused asserts the affirmative defenses of consent and/or mistake of fact as to consent, the statutory burden is initially on the accused to prove those defenses by a preponderance of the evidence. If the accused is successful, the statutory burden shifts to the government to disprove consent and mistake of fact as to consent beyond a reasonable doubt. The military judge required Stewart to present evidence of these affirmative defenses in a pre-trial Article 39(a) hearing so that he could make a determination as to whether the applicable instructions would be provided to the members. Although Stewart's trial defense counsel objected to this procedure, he relied on a copy of Stewart's pre-trial declaration that had been provided to the court as an enclosure to an unrelated motion and a copy of the verbatim transcript of AN's testimony during the Article 32(b) investigation.[3] The Government also provided several exhibits for the military judge to consider before making his decision. The military judge ruled preliminarily that Stewart had satisfied his burden of proof and that he would provide instructions to the members on the affirmative defenses. The procedure utilized by the

---

[3] Neither of these documents was offered or admitted into evidence at the court-martial.

5

military judge and his ruling form the bases for assigned Issues I and III.

Issue II is separate and distinct from Issues I and III, and has its genesis in a pre-trial motion by Stewart's civilian defense counsel to require the Government to elect between the two alleged "alternative theories of criminal liability," asserting that the specification was duplicitous. The Government conceded that the specification was duplicitous and argued that the appropriate remedy was to sever the specification into separate specifications. The military judge declined to require the Government to elect a theory of criminal liability and gave the defense a choice of severing the specification into two specifications or having a tailored instruction provided to the members. Between the two options, the defense chose severance of the specification into two specifications. As a result, the flyer provided to the members reflected the charged specification as two specifications that were identical except that Specification 1 alleged that AN was "substantially incapacitated" and Specification 2 alleged that AN was "substantially incapable of declining participation in the sexual act."

At the end of the presentation of evidence on the merits, the military judge instructed the members that the Government had the burden to disprove consent and mistake of fact as to

consent beyond a reasonable doubt.[4]  In addition, the military judge provided the following instructions to the members:

> You're also advised that you may only find the accused guilty, if convinced beyond a reasonable doubt as to each and every element, to either Specification 1 or Specification 2, or their described lesser included offense, if appropriate.
>
> . . . .
>
> "Substantially incapacitated" means that level of mental impairment due to consumption of alcohol, drugs, or similar substance, while asleep or unconscious, or for other reasons, which rendered the alleged victim unable to appraise the nature of the sexual conduct at issue, unable to physically communicate unwillingness to engage in the sexual conduct at issue, or otherwise unable to make or communicate competent decisions.
>
> . . . .
>
> "Substantially incapable" means that level of mental impairment due to consumption of alcohol, drugs, or similar substance, while asleep or unconscious, or for other reasons, which rendered the alleged victim unable to appraise the nature of the sexual conduct at issue, unable to physically communicate unwillingness to engage in the sexual conduct at issue, or otherwise unable to make or communicate competent decisions.
>
> . . . .
>
> The following procedural rules will apply to your deliberation and must be observed.
>
> . . . .

---

[4] The military judge did not instruct the members of the burden shift found to be a "legal impossibility" in United States v. Prather, 69 M.J. 338, 345 (C.A.A.F. 2011).  See also United States v. Medina, 69 M.J. 462 (C.A.A.F. 2011).

You are reminded that you may return only a finding of guilty for one but not both charged specifications.

If a finding of not guilty is made to a specification vote next on the lesser included offense. If a finding of guilty is made, then you have convicted the accused of that lesser included offense. If you have voted on the lesser included offense and a finding of not guilty is made as to the lesser included offense, you have acquitted the accused of this specification and its lesser included offense. You should then use this same procedure on the second specification.

The members found Stewart not guilty of Specification 1 (substantially incapacitated) and guilty of Specification 2 (substantially incapable of declining participation in the sexual act).[5]

The CCA held that the military judge erred when he required Stewart to present evidence on the affirmative defenses of consent and mistake of fact as to consent in a pre-trial Article

---

[5] Notwithstanding the requirements within R.C.M. 918 ("general findings of a court-martial state whether the accused is found guilty of each offense charged") and R.C.M. 922 ("[f]indings shall be announced in the presence of all parties"), neither party, the military judge, nor the CCA noted any deficiency in the findings of the court-martial. Although it is unclear based on the military judge's instructions whether the members thought that they were addressing separate offenses or choosing between theories of liability, we are satisfied that the members found Stewart not guilty of "Alternative Specification 1." We reach this conclusion based on the military judge's instructions that the members could not find Stewart guilty of both specifications and the Findings Worksheet that instructed the members to "[p]ut a line through any inapplicable language" and they lined through the option of finding Stewart guilty of "Alternative Specification 1." Therefore, the only way to read the Findings Worksheet at this stage is that the members found Stewart not guilty of "Alternate Specification 1."

United States v. Stewart, No. 11-0440/MC

39(a) hearing.  Assuming constitutional error, the CCA then concluded that the error had no impact on the findings or the sentence and was therefore harmless beyond a reasonable doubt. In addition, the CCA held that the military judge's determination that the affirmative defenses were raised had no impact upon the members' fact-finding authority or responsibility.  The CCA also stated that the evidence clearly established that AN was substantially incapable of declining participation in the sexual act and therefore determined that the evidence was factually sufficient.  Under the unique circumstances of this case, it is this latter determination that forms the basis for Issue II.

### DISCUSSION

Was the finding of guilty to aggravated sexual assault as affirmed by the CCA impermissibly based on conduct for which the members had found Stewart not guilty under the same charge?

Stewart argues that in affirming the finding of guilty to Specification 2, the CCA had to have found as fact the very allegations that the members found him not guilty of in Specification 1.  He asserts that this case is similar to the case of United States v. Walters, 58 M.J. 391 (C.A.A.F. 2003), where we held that excepting "divers occasions" from the charged specification and substituting therefore "one occasion" without any indication of which act formed the basis for the conviction created an ambiguous finding that could not be reviewed for

9

factual sufficiency on appeal because "[a] Court of Criminal Appeals cannot find as fact any allegation in a specification for which the fact-finder below has found the accused not guilty."  Id. at 395.

In response, the Government argues that in the text of Article 120(c)(2)(A)-(C) Congress defined two separate theories that in the alternative could comprise a conviction for aggravated sexual assault and that "substantially incapacitated" and "substantially incapable of declining participation in the sexual act" do not allege the same theory of liability.  The Government concludes that there is no ambiguity in the members' findings as there was in Walters, and there is no danger that the CCA affirmed a finding of guilty for a crime that the members acquitted Stewart.[6]

In North Carolina v. Pearce, 395 U.S. 711, 717 (1969), the Supreme Court observed that, among other protections, the Double

---

[6] We do not agree with the Government's argument that Stewart invited the error because he had made a motion for appropriate relief based on the alleged duplicitous pleading.  At trial, the Government conceded that the specification was duplicitous and argued, based on the Discussion to R.C.M. 906(b)(5), that the sole remedy for a duplicitous specification is severance of the specification into two or more specifications, which was the remedy ordered by the military judge.  The problem in this case is not whether the decision to sever the charged specification into two specifications was proper (an issue we need not decide), but rather the problem is with the military judge's subsequent instructions to the members.

Jeopardy Clause protects "against a second prosecution for the same offense after acquittal." This principle "prohibit[s] a reviewing court from rehearing any incidents for which the accused was found not guilty." United States v. Wilson, 67 M.J. 423, 428 (C.A.A.F. 2009) (citing Green v. United States, 355 U.S. 184, 187-88 (1957)); United States v. Smith, 39 M.J. 448, 451-52 (C.M.A. 1994) ("Court of Military Review [CCA] may not make findings of fact contradicting findings of not guilty reached by the factfinder."). Consistent with this double jeopardy principle, we noted in Wilson that the CCA "may not conduct a factual sufficiency review when the findings are ambiguous because such action creates the possibility that the court would affirm a finding of guilt based on an incident of which the appellant had been acquitted by the factfinder at trial." 67 M.J. at 428 (citing Walters at 395).

The Government initially charged Stewart with one specification of aggravated sexual assault for engaging in a sexual act with a person "who was substantially incapacitated or substantially incapable of declining participation in the sexual act" in violation of Article 120(c)(2). As noted, the military judge severed the sole specification into two separate specifications which were identical except that Specification 1 alleged that AN was "substantially incapacitated" and Specification 2 alleged that AN was "substantially incapable of

11

declining participation in the sexual act." Before

deliberations, the military judge instructed the members as to

the elements of each offense, the elements of the potential

lesser included offenses of each, and the definitions of the

terms applicable to each offense. When he defined the terms

"substantially incapacitated" and "substantially incapable," the

military judge defined them in exactly the same manner.[7] Hence

the members were confronted with two offenses that, as

instructed, alleged exactly the same offense. As a result, the

military judge created the framework for a potential double

jeopardy violation. This potential was further crystallized by

the procedural instructions that the military judge subsequently

provided the members to assist them in reaching their findings.

The military judge's procedural instructions included the

following as it relates to the order in which the members were

to consider the two specifications:

> You are reminded that you may return only a finding
> of guilty for one but not both charged
> specifications.
>
> If a finding of not guilty is made to a specification
> vote next on the lesser included offense. If a
> finding of guilty is made, then you have convicted
> the accused of that lesser included offense. If you
> have voted on the lesser included offense and a
> finding of not guilty is made as to the lesser
> included offense, you have acquitted the accused of

---

[7] We noted in Prather, 69 M.J. at 343, that "there may exist an abstract distinction between 'substantially incapacitated' and 'substantially incapable,'" but whatever distinction exists between the terms, that distinction was rendered meaningless when the military judge defined them as the same.

> this specification and its lesser included offense.
> <u>You should then use this same procedure on the second
> specification.</u>

Emphasis added.  The military judge specifically admonished the members that they must follow those instructions.

"Absent evidence to the contrary, this Court may presume that members follow a military judge's instructions."  <u>United States v. Taylor</u>, 53 M.J. 195, 198 (C.A.A.F. 2000). Consequently, based on the military judge's instructions the members were required to reach findings on Specification 1 before considering Specification 2.  In the absence of evidence to the contrary, of which there is none in this case, we presume the members followed the military judge's instructions.  Unlike in <u>Walters</u>, the findings in this case were not ambiguous as it is possible to determine which act formed the basis of the findings.  Here, however, Stewart was initially found not guilty by members for certain conduct for a specific Article 120 offense as defined by the military judge, and was then found guilty of the same conduct for the same offense.  Even if the members did not first make a decision on Specification 1 before considering Specification 2, as a result of the military judge's instructions, they were placed in the untenable position of finding Stewart both guilty and not guilty of the same offense. We recognize that generally consistency in a verdict is not

United States v. Stewart, No. 11-0440/MC

necessary,[8] but under the unique circumstances of this case, the principles underpinning the Double Jeopardy Clause as recognized in United States v. Smith made it impossible for the CCA to conduct a factual sufficiency review of Specification 2 without finding as fact the same facts the members found Stewart not guilty of in Specification 1.  The CCA's holding to the contrary was error.

### DECISION

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is reversed.  The findings and the sentence are set aside and the specification and the charge are dismissed with prejudice.

---

[8] United States v. Jackson, 7 C.M.A. 67, 21 C.M.R. 193 (1956); see also United States v. Wilson, 13 M.J. 247 (C.M.A. 1982).

14