# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist WILLIAM E. NEWTON, JR.**
**United States Army, Appellant**

ARMY 20110499

Headquarters, Fort Bliss
David H. Robertson and Jacqueline L. Emanuel, Military Judges
Colonel Francis P. King, Staff Judge Advocate

For Appellant:  Captain Robert A. Feldmeier, JA; William E. Cassara, Esquire (on brief); Captain James S. Trieschmann, Jr., JA; William E. Cassara, Esquire (on reply brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine Brantley, JA; Captain Daniel M. Goldberg, JA (on brief).

19 December 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A panel of officer and enlisted members, sitting as a general court-martial, convicted appellant, contrary to his pleas, of rape of a child under the age of twelve years in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (1994) [hereinafter UCMJ]; indecent acts; wrongfully sending a picture of himself to his natural daughter, who was under eighteen years of age, focused on his genital area, showing an erection underneath his clothing; and knowingly failing to register as required by the Sex Offender Registration and Notification Act, 18 U.S.C. § 2052(a), in violation of Articles 120 and 134 UCMJ.  10 U.S.C. 920, 934 (2006 & Supp. III 2010).  The panel sentenced appellant to a dishonorable discharge, thirty years confinement, and total forfeitures.  The convening authority approved only so much of the sentence extending to a dishonorable discharge, twenty-nine years confinement, and total forfeitures.

This case is before this court for review pursuant to Article 66, UCMJ. Appellant argues that the evidence is legally and factually insufficient to sustain all of his convictions. We agree in part. First, because the evidence only presented and established one instance of rape of a child under the age of twelve years, the evidence is insufficient to sustain appellant's conviction for raping a child under the age of twelve years "on divers occasions." Second, we also agree that the evidence is insufficient regarding appellant's violations of Article 134, UCMJ, but only to the extent that the evidence does not reflect that appellant's acts were to the prejudice of good order and discipline in the armed forces. Appellant's other assignments of error do not merit discussion or relief.

### *"On Divers Occasions"*

In Specification 1 of renumbered Charge I, the government charged appellant with raping BN, a child under the age of twelve years, "on divers occasions." However, at trial, BN only testified as to a single instance of rape, which occurred in a hotel room. No other evidence establishes other possible instances of a rape of BN. At an Article 39(a), UCMJ session covering instructions for findings, government counsel noted without objection from defense counsel that the evidence did not raise on divers occasions. Trial counsel argued before findings that the rape occurred one time. After findings, the parties agreed that the evidence presented only one instance of penile penetration of BN. The military judge instructed the panel at sentencing that with regards to the rape conviction, appellant could "be sentenced for only one instance of conduct." Accordingly, we agree that the evidence is factually and legally insufficient to sustain the "on divers occasions" language of Specification 1 of renumbered Charge I.

We further conclude that this relief does not create ambiguous findings. "[A] Court of Criminal Appeals may review the record to determine if there is only a single possible incident that meets all the details of the specification for which the appellant was convicted." *United States v. Wilson*, 67 M.J. 423, 429 (C.A.A.F. 2009) (citing *United States v. Scheurer*, 62 M.J. 100, 111-112 (C.A.A.F. 2005)). Here, the record is unambiguous as to which incident formed the basis of the conviction because the record reflects only a single instance of rape.

### *The Article 134, UCMJ Convictions*

Appellant stands convicted of two Article 134, UCMJ offenses. Specification 2 of renumbered Charge II is a novel specification:

> In that [appellant], U.S. Army, did, at or near Fort Bliss, Texas, between on or about 1 January 2010 and 1 March 2010, wrongfully send a picture of himself to his natural daughter, [BN], who was under 18 years of age, focused on his genital area, showing an erection

underneath his clothing, which conduct, under the circumstances, was to the prejudice of good order and discipline and was of a nature to bring discredit upon the armed forces.

The other offense, the Specification of the Additional Charge, alleged a violation of all three clauses of Article 134, UCMJ:

In that [appellant], U.S. Army, who was required to register under the Sex Offender Registration and Notification Act, did, at or near El Paso, Texas, between on or about 1 October 2009 and on or about 29 July 2010, travel in interstate commerce, and knowingly fail to register in the state of Texas as he was required to do by the Sex Offender Registration and Notification Act, in violation of 18 U.S. Code Section 2250(a), such conduct being prejudicial to good order and discipline in the armed forces and being of a nature to bring discredit upon the armed forces.

Here, the government admitted no evidence tending to prove that appellant's conduct was prejudicial to good order and discipline. Therefore, on the record before us, we conclude that the evidence is legally and factually insufficient to sustain appellant's convictions for conduct in violation of Clause 1 of Article 134, UCMJ.

## CONCLUSION

On consideration of the entire record, the court only affirms so much of the finding of guilty of Specification 1 of renumbered Charge I as finds that appellant "did, at or near St. Louis, Missouri, between on or about 1 September 1998 and 1 September 2001, rape BN, a person under the age of 12." The court only affirms so much of the finding of guilty of Specification 2 of renumbered Charge II as finds that appellant "did, at or near Fort Bliss, Texas, between on or about 1 January 2010 and 1 March 2010, wrongfully send a picture of himself to his natural daughter, [BN], who was under 18 years of age, focused on his genital area, showing an erection underneath his clothing, which conduct, under the circumstances, was of a nature to bring discredit upon the armed forces." The court only affirms so much of the finding of guilty of the Specification of the Additional Charge as finds that appellant "who was required to register under the Sex Offender Registration and Notification Act, did, at or near El Paso, Texas, between on or about 1 October 2009 and on or about 29 July 2010, travel in interstate commerce, and knowingly fail to register in the state of Texas as he was required to do by the Sex Offender Registration and Notification Act, in violation of 18 U.S. Code Section 2250(a), such conduct being of a nature to bring discredit upon the armed forces." The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the modified findings, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the approved sentence is AFFIRMED.   All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court