# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

―――――――――――――

**No. ACM 38949**

―――――――――――――

**UNITED STATES**
*Appellee*

v.

**Nathaniel L. PENALOSA**
Air Force Academy Cadet, U.S. Air Force, *Appellant*

―――――――――――――

Appeal from the United States Air Force Trial Judiciary

Decided 27 June 2017

―――――――――――――

*Military Judge:* Shelly W. Schools.

*Approved sentence:* Dismissal and confinement for 36 months. Sentence adjudged 3 November 2015 by GCM convened at the United States Air Force Academy, Colorado.

*For Appellant:* Major Johnathan D. Legg, USAF.

*For Appellee:* Major J. Ronald Steelman III, USAF; Captain Matthew L. Tusing, USAF; Gerald R. Bruce, Esquire.

Before DREW, J. BROWN, and MINK, *Appellate Military Judges.*

Judge MINK delivered the opinion of the court, in which Chief Judge DREW and Senior Judge J. BROWN joined.

―――――――――――――

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

―――――――――――――

MINK, Judge:

A general court-martial composed of a military judge sitting alone found Appellant guilty, consistent with his pleas and in accordance with a pretrial agreement (PTA), of divers wrongful use, distribution, introduction, and manufacture of 3,4 methylenedioxy-methamphetamine (MDMA); divers wrongful

use, distribution, and introduction of Modafinil; divers wrongful distribution and introduction of lysergic acid diethylamide (LSD); and wrongful use of LSD, each in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 912a. The adjudged sentence included a dismissal, confinement for 42 months, and forfeiture of all pay and allowances. The convening authority approved the dismissal and, in compliance with the terms of the PTA, 36 months of confinement.[1]

Appellant raises three issues on appeal: (1) whether the finding of guilt to Specification 2 of the Charge must be set aside because it was entered by exceptions, removing the charged language "on divers occasions," and the record fails to specify the particular instance of conduct upon which the modified finding is based; (2) whether Appellant's trial defense counsel were ineffective when they advised Appellant to enter into a PTA to plead guilty rather than litigate a motion to suppress evidence obtained after Appellant invoked his right to counsel; and (3) whether Appellant's trial defense counsel were ineffective when they advised Appellant to enter into a PTA to plead guilty rather than litigate a motion for appropriate relief for alleged violations of Article 13, UCMJ, 10 U.S.C. § 813.[2] Finding no relief is warranted, we affirm the findings and sentence as approved by the convening authority.

## I. BACKGROUND

All of the offenses for which Appellant was found guilty took place between on or about 1 August 2014 and on or about 30 November 2014, while Appellant was a cadet at the United States Air Force Academy. On multiple occasions during that period, Appellant used MDMA, a Schedule I controlled substance; introduced it onto the Air Force Academy; and distributed it to two other Air Force Academy cadets and a civilian woman. Appellant also manufactured a pill form of MDMA on multiple occasions by placing the powdered form of the drug into capsules. Appellant, again on multiple occasions during that period, used Modafinil, a Schedule IV controlled substance; introduced it onto the Air Force Academy; and distributed it to three other Air Force Academy cadets. In addition, on multiple occasions, Appellant introduced LSD, a Schedule I controlled substance, onto the Air Force Academy and distributed it to three other Air Force Academy cadets. Appellant also used LSD on one occasion during this time period.

---

[1] Even though the convening authority did not approve the adjudged forfeiture of all pay and allowances, the pretrial agreement placed no limitation on the convening authority's power to do so.

[2] Appellant's second and third assignments of error were raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

## II. DISCUSSION

### A. Ambiguous Verdict

As charged, Specification 2 of the Charge alleged that Appellant wrongfully used LSD "on divers occasions between on or about 1 August 2014 and on or about 30 November 2014." At trial, Appellant pleaded guilty to this specification except for the charged language, "on divers occasions," to which Appellant pleaded not guilty. During the providence inquiry,[3] Appellant admitted to only one use during the charged time frame. A stipulation of fact introduced into evidence discussed the single use of LSD by Appellant to which he pleaded guilty. According to the stipulation of fact, Appellant's single use of LSD occurred "[d]uring or after 'Parent's Weekend,' which started on 30 August 2014 . . . [a]fter returning from a football game" at which time, Appellant and two other Air Force Academy cadets used LSD. The Government did not attempt to prove the excepted language. The military judge, after conducting the providence inquiry and reviewing the evidence introduced at trial, found Appellant guilty of a single use of LSD during the charged timeframe. In accordance with his plea, the military judge found Appellant not guilty of the excepted words, "on divers occasions."

Relying on *United States v. Walters*, 58 M.J. 391 (C.A.A.F. 2003), Appellant asserts that the finding of guilty as to Specification 2, eliminating the words "on divers occasions," created an ambiguity in the verdict since the military judge did not specify the particular incident of LSD use for which he found Appellant guilty. We disagree.

Appellant misunderstands the application of *Walters* and its progeny. Contrary to Appellant's assertion, there is no ambiguity in the finding of guilty nor is there any question as to which specific instance of LSD the military judge used to find Appellant guilty. An ambiguity only arises when "the record does not indicate which of the alleged incidents forms the basis of the conviction." *United States v. Ross*, 68 M.J. 415, 417 (C.A.A.F. 2010). Despite the charged language including the words "on divers occasions," Appellant himself pleaded guilty to only a single use of LSD and provided the factual basis to establish his guilt to that single use both during the providence inquiry and in the stipulation of fact. In each of the cases cited by Appellant in support of his argument, the fact-finder was presented evidence of at least two possible instances of misconduct. No evidence of another alleged use of LSD by Appellant was presented during his court-martial. Based on a review of the record in Appellant's case, there is no question as to what single instance of criminal conduct formed the basis for the military judge's finding of guilty as to Specification 2 of the Charge. We therefore reject this allegation of error.

---

[3] *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969).

## B. Ineffective Assistance of Counsel

In his last two assignments of error, Appellant asserts that trial defense counsel provided him ineffective assistance of counsel by advising him to enter into a PTA to plead guilty rather than litigating a motion to suppress evidence and litigating a motion for appropriate relief for alleged violations of Article 13, UCMJ. Appellant submitted two declarations wherein he addresses these two issues. In one declaration, Appellant claims that had he known about the possibility of suppressing his cell phone text messages, he "would have insisted on going to trial." In the second declaration, Appellant described what he believes constituted illegal pretrial punishment. We ordered his trial defense counsel, Captain (Capt) JL and Mr. FS, to submit affidavits in response to Appellant's assertions. In reviewing claims of ineffective assistance of counsel, we look "at the questions of deficient performance and prejudice de novo." *United States v Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012) (quoting *United States v. Gutierrez*, 66 M.J. 329, 330–31 (C.A.A.F. 2008)).

To establish ineffective assistance of counsel, Appellant "must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Under the first prong, Appellant has the burden to show that his "counsel's performance fell below an objective standard of reasonableness—that counsel was not functioning as counsel within the meaning of the Sixth Amendment." *United States v. Edmond*, 63 M.J. 343, 351 (C.A.A.F. 2006) (quoting *United States v. Davis*, 60 M.J. 469, 473 (C.A.A.F. 2005)). The question is, therefore, "did the level of advocacy 'fall[ ] measurably below the performance . . . [ordinarily expected] of fallible lawyers?'" *United States v. Haney*, 64 M.J. 101, 106 (C.A.A.F. 2006) (quoting *United States v. Polk*, 32 M.J. 150, 153 (C.M.A. 1991)) (alterations in original). Under the second prong, the deficient performance must prejudice the accused through errors "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007) (quoting *Strickland*, 466 U.S. at 687). Counsel is presumed competent until proven otherwise. *Strickland*, 466 U.S. at 689.

Additionally, in the guilty plea context, "[t]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Bradley*, 71 M.J. 13, 16 (C.A.A.F. 2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Id*. at 16–17 (quoting *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011)). Further, Appellant must satisfy an objective inquiry: he must show that had he been

advised properly,  it would have been rational for him to reject the benefits of the pretrial agreement and to plead not guilty. *Id*. at 17.

### 1. Motion to Suppress

Appellant first claims his counsel were ineffective by advising him to enter into a PTA rather than litigating a motion to suppress text messages from his cell phone and the evidence derived from those messages. Appellant speculates that if the motion to suppress had been successful, he "would [have] at the very least been given a shorter sentence than [he] actually received."

In her affidavit, Capt JL stated that she and Mr. FS, Appellant's civilian trial defense counsel, advised Appellant of the potential motions that could be raised in his case, including the motion to suppress the text messages from Appellant's cell phone. Capt JL stated that she and Mr. FS advised Appellant that even if the motion were successful, it "would not be case dispositive for him because the government still had independent and substantial incriminating evidence against him that was likely to result in multiple convictions." Capt JL also noted that the negotiated PTA offered Appellant substantial benefit, reducing the maximum possible confinement in Appellant's case from 100 years to 3 years, in addition to deferring any adjudged confinement for approximately one month so that Appellant could visit and attend to his mother's well-being prior to entering confinement. Capt JL stated that she and Mr. FS advised Appellant to enter into the PTA because they believed it was in his best interest to do so.

In his affidavit, Mr. FS stated:

> Even if we suppressed some of the evidence, the government's case was very strong with respect to the allegations that were based on the evidence found in his room and from other independent sources. In other words, Cadet Penalosa was told that he was at risk of being convicted of numerous drug offenses and would be facing a sentencing hearing.

> I am always careful to make it clear to my clients that they should not enter into a PTA unless they are doing so voluntarily and believe it is in their best interests to do so. With Cadet Penalosa specifically I felt he understood his options, including the benefits of being able to defer execution of any sentence to confinement until after Thanksgiving. It was my impression that the ability to help his mother after trial was a significant if not overriding factor that convinced him to enter the PTA.

It is clear from Appellant's declaration that he discussed the issue of the seizure of the text messages from his cell phone with his trial defense counsel prior to entering into the PTA, though Appellant now asserts he agreed to the

PTA because he was advised there were no defenses in his case and that "he would have insisted on going to trial" if he had known about the possibility of suppressing his cell phone text messages and any derivative evidence. Trial defense counsel's affidavits make it equally clear that they advised Appellant of the litigation risks involved with raising such a motion and pleading not guilty if he chose to reject the negotiated PTA, given the other evidence available in his case.

We find it unnecessary to resolve the factual discrepancy between Appellant and trial defense counsel's assertions regarding their discussions as to the potential of suppressing the text messages and any derivative evidence. First, an appellant who premises a claim of ineffective assistance of counsel on the failure to make a motion must show that there is a reasonable probability that he would have prevailed on the motion. *United States v. Jameson*, 65 M.J. 160, 163–164 (C.A.A.F. 2007). We are not persuaded that there was a reasonable probability that the suppression motion here would have succeeded. Second, even if it had succeeded, we are not persuaded that the outcome of the trial or the decision to plead guilty would have been different. Based on the record before this court, it is undisputed that in light of other evidence in the case even a successful suppression motion would not have been case dispositive. Consequently, even assuming *arguendo* that trial defense counsel never discussed a non-case dispositive, potential suppression motion with Appellant, Appellant has failed to demonstrate either deficient performance or prejudice.

### 2. Article 13, UCMJ

Appellant next contends that his trial defense counsel provided ineffective assistance of counsel by advising him to enter into a PTA rather than litigating a motion for alleged pretrial punishment in violation of Article 13, UCMJ.

In her affidavit, Capt JL details the extensive steps she took to investigate any alleged pretrial punishment of the Appellant, including information received during pretrial discovery practice. Capt JL stated that based on her investigation, she did not believe "there was any evidence to support an intent to punish [Appellant] prior to trial," that there was a no "reasonable probability of success" if they were to file such a motion, and that if such a motion were filed and it was successful, any potential remedy would not have been nearly as great as the benefit Appellant would receive from the favorable terms of Appellant's PTA.

Again, it is Appellant's burden to demonstrate the reasonable probability that an Article 13 motion would have succeeded, and again, we are not persuaded. Second, even though Appellant's declaration outlines the events that he now asserts evidences an intent to punish or stigmatize him, when asked by the military judge during the presentencing portion of the court-martial, Appellant denied he had been punished in any way prior to trial that would

constitute illegal pretrial punishment under Article 13, UCMJ. Appellant thus "contradicts a matter that is within the record of a guilty plea" yet does not "set[ ] forth facts that would rationally explain why he would have made such statements at trial but not upon appeal." *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997). For both reasons, Appellant's claim of ineffective assistance fails.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court